**Nelrie Byrd CARROLL, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–95–467–CR, 2–95–468–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 31, 2002.

Ronald Aultman, Fort Worth, Matthew Waddell, Grapevine, Danny Burns, Fort Worth, for Appellant.

Tim Curry, Criminal D.A., Betty Marshall, Charles M. Mallin, Asst. Chiefs of the Appellate Section, Sylvia Mandel, Terry Barlow and Bill Durkin, Asst. D.A.'s, Fort Worth, for Appellee.

Panel B: DAY and DAUPHINOT, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION ON REMAND [1]

DAVID L. RICHARDS, Justice (Assigned).

These are appeals from the sentences assessed by the trial court following two "open" guilty pleas entered by appellant.

---

1. These appeals have a lengthy procedural    history. We originally reversed appellant's

**252**

In a nonnegotiated plea to the court, appellant pleaded guilty to two counts of delivery of marihuana. The trial court[2] accepted her pleas and sentenced her to concurrent five-year sentences. Appellant appeals the punishment portion of the judgments, alleging the court erred by coercing her to testify at the sentencing phase of her hearing. We reverse and remand for new sentencing.

■ In her first point, appellant argues that the trial court erred in coercing her to testify at the punishment phase of her plea hearing. Appellant pleaded guilty on July 28, 1995, and testified, pursuant to a written waiver of her right against self-incrimination, that the information contained in each indictment was true and that she was guilty of the charged offenses. This hearing was designated "Hearing on Defendant's Open Pleas of Guilty to Court." At the conclusion of the hearing that day, the trial court: (1) granted appellant's application for a presentence investigation; (2) found there was sufficient evidence to justify a finding of guilt; but (3) reserved the right to make a formal finding of guilt until the completion of the presentence investigation requested by the defense. Three months later on October 13, 1995, following the completion of the presentence investigation, the court proceeded to the sentencing phase of the hearing, desig-

nated in the statement of facts as "Final Determination of Guilt/Innocence and Punishment Phase."

At this phase of the hearing, in the following exchange, the trial court advised defense counsel that if appellant invoked her privilege against self-incrimination, the court would consider that invocation as a circumstance against her when determining her punishment:

[PROSECUTOR]: ... [T]he State would call the defendant.

THE COURT: All right. Do you tender your client?

[DEFENSE COUNSEL]: Your Honor, I hate to say this, but do I have to?

THE COURT: Well, I think if you don't, it's going to reflect very seriously on the Court's decisions here.

[DEFENSE COUNSEL]: Your Honor, we do voluntarily offer the defendant.

THE COURT: All right. Thank you.

Thereafter, appellant was subjected to rigorous questioning by the State. In refusing to probate appellant's sentences, the trial judge stated that he believed appellant lied to the probation officer who compiled the presentence report and that she lied again during her testimony at the sentencing phase: "I don't think you can

sentences after finding that her constitutional rights against self-incrimination were violated. *Carroll v. State*, 946 S.W.2d 879 (Tex. App.-Fort Worth 1997) (*Carroll I*). On petition for discretionary review, the Texas Court of Criminal Appeals reversed our judgment on the grounds that appellant's guilty plea and sentencing hearings were part of a "unitary" proceeding, making her waiver of her Fifth Amendment right at the guilt/innocence portion of the proceeding also applicable to the sentencing portion. *Carroll v. State*, 975 S.W.2d 630 (Tex.Crim.App.1998) (*Carroll II*). On remand, we affirmed appellant's sentences after following the Texas Court of Criminal Appeals' analysis in *Carroll II. Carroll v. State*,

12 S.W.3d 92 (Tex.App.-Fort Worth 1999) (*Carroll III*). On petition for discretionary review, the Texas Court of Criminal Appeals held that the intervening United States Supreme Court's decision in *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), controlled the issue and that its analysis in *Carroll II* was no longer good law. *Carroll v. State*, 42 S.W.3d 129 (Tex.Crim.App.2001) (*Carroll IV*). The issue has now come full circle.

**2.** The judge presiding in the trial court was a visiting judge sitting by assignment.

meet [the conditions of] probation either, because you lied here. You lied to me."

■ A defendant's waiver of his or her Fifth Amendment right at the guilt/innocence phase of a trial does not extend to the punishment phase. *See Wilkens v. State,* 847 S.W.2d 547, 553 (Tex.Crim.App. 1992) ("a defendant has a separate and distinct Fifth Amendment privilege against self-incrimination at the punishment phase"), *cert. denied,* 507 U.S. 1005, 113 S.Ct. 1646, 123 L.Ed.2d 268 (1993); *Beathard v. State,* 767 S.W.2d 423, 431–32 (Tex. Crim.App.1989); *Brumfield v. State,* 445 S.W.2d 732, 734 (Tex.Crim.App.1969). It is now clear that this rule applies regardless of whether the sentencing hearing is otherwise considered a "unitary" part of the guilt/innocence phase of the trial. *See Carroll,* 42 S.W.3d at 132 (citing *Mitchell,* 526 U.S. at 325, 119 S.Ct. at 1313).

■ It is well-established that the Fifth Amendment[3] prohibits increased sentences due to the accused's refusal to testify.[4] *E.g., United States v. Heubel,* 864 F.2d 1104, 1111 (3d Cir.1989); *United States v. Safirstein,* 827 F.2d 1380, 1388–89 (9th Cir.1987); *United States v. Wright,* 533 F.2d 214, 216 (5th Cir.1976). Further, "[a]ny effort by the State to compel [a defendant] to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment." *Estelle v. Smith,* 451 U.S. 454, 463, 101 S.Ct. 1866, 1873, 68 L.Ed.2d 359 (1981). Here, the trial court threatened to look less favorably on appellant if she refused to testify at sentencing. Following her testimony, the trial court alluded to her testimonial "lies" as a reason why he rejected more lenient sentences.

## CONCLUSION

■ We hold that, as a matter of law, the trial court improperly coerced appellant into testifying at the sentencing phase of the hearing. The trial court threatened an unconstitutional act when it implied that it would consider an assertion by appellant of her constitutional privilege against self-incrimination as a circumstance against her. Because the record indicates the trial court relied on the coerced testimony in refusing to probate her sentences, we cannot conclude beyond a reasonable doubt that this error made no contribution to appellant's sentences. *See* Tex.R.App. P. 44.2(a).

Because we hold that the trial court erred in coercing appellant to testify at the sentencing phase of the hearing, we reverse the sentences imposed by the trial court and remand both cases to the trial court for new sentencing.[5]

---

**3.** The self-incrimination clause of Article I, Section 10 of the Texas Constitution gives no greater rights than does the Fifth Amendment of the United States Constitution. *See Olson v. State,* 484 S.W.2d 756, 762 (Tex.Crim.App. 1972) (op. on reh'g); *Delgado v. State,* 849 S.W.2d 904, 906 (Tex.App.-Fort Worth 1993, pet. ref'd).

**4.** The Texas Code of Criminal Procedure also prohibits increased sentences due to the accused's refusal to testify. *See* Tex.Code Crim. Proc. Ann. art. 38.08 (Vernon 1979) ("the failure of any defendant to so testify shall not be taken as a circumstance against him").

**5.** Because we reverse and remand based on appellant's first point, we do not reach her second point.