r02366.nt1














NUMBER 13-02-519-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

IDA LEE HOWARD COATS,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 24th District Court of De Witt County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 
          Following a hearing on the State’s petition for the revocation of community
supervision, the trial court reimposed the suspended ten-year sentence and $1,000 fine
previously assessed to appellant Ida Lee Howard Coats. We affirm.
          The trial court has certified that this is not a plea-bargain case. Accordingly, Coats
has a right to appeal. See Tex. R. App. P. 25.2 (a)(2).
Standard of Review
          A trial court’s decision to revoke community supervision is reviewed under an abuse
of discretion standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.1984). 
Moreover, once a single violation of community supervision has been proven and
established, the court need not consider whether any other allegations of probationary
violations on the part of the defendant are supported by evidence. Chaires v. State, 704
S.W.2d 397, 398 (Tex. App.–Corpus Christi 1985, no pet.).
Analysis
          In a single point of error, Coats contends the trial court erred by failing to properly
admonish her. Specifically, appellant argues that the trial court failed to explain that, by
choosing to testify, she consented to questioning by the State that could be used against
her in an adverse manner.  Appellant cites Carroll v. State, 68 S.W.3d 250, 253 (Tex.
App.–Fort Worth 2002, no pet.), and argues that a waiver of rights is meaningless without
proper and adequate warning of the protection that the person waiving those rights is giving
up. However, the defendant in Carroll was called by the State to testify. Id. at 252. In this
case, appellant’s counsel called her to testify. Also, the trial judge in Carroll advised the
defendant that his failure to testify would be considered against him by the court. Id. at
252. Here, appellant took the stand voluntarily after her own counsel called her to testify. 
Considering these important differences, we hold Carroll to be distinguishable and
inapplicable to the present case. Appellant also cites Brumfield v. State, 445 S.W. 2d 732,
735 (Tex. Crim. App. 1969), for the proposition that the right against self-incrimination must
be interpreted very broadly and very generously. However, the right against self-incrimination can be waived, Chavez v. State, 508 S.W.2d 384, 386 (Tex. Crim. App.
1974), as will be seen below.
          Here, appellant voluntarily entered a plea of “true” to the State’s allegations, which
alone is sufficient evidence to revoke community supervision. See Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App.1980); Bush v. State, 506 S.W.2d 603, 605 (Tex. Crim.
App.1974). In addition, appellant took the stand on her own behalf and was represented
by counsel. Under these circumstances, we presume this act was undertaken voluntarily
and with full knowledge of her rights. See Mullane v. State, 475 S.W.2d 924, 926 (Tex.
Crim. App. 1971). “It is well settled that when a defendant chooses to waive his privilege
against self-incrimination by voluntarily taking the witness stand [she] is generally subject
to the same rules as any other witness.” Myre v. State, 545 S.W.2d 820, 825 (Tex. Crim.
App. 1977). Once on the witness stand, a person “may be contradicted, impeached, made
to give evidence against himself, cross-examined as to new matter, and treated in every
respect as any other witness.” Id. Furthermore, the State established that appellant
violated not one, but two conditions of her community supervision. For all of the above
reasons, the trial court did not err by revoking appellant’s community supervision. Thus,
appellant’s sole point of error is overruled.
          The judgment of the trial court is affirmed.

                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice

Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
13th day of May, 2004.