COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-390-CR

 

 

RAYMOND DAVID NEWSOME                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Raymond David Newsome was charged with
one count of aggravated robbery.  At his
jury trial, he pled not guilty.  The jury
found him guilty as charged.  During the
punishment phase of the trial, Appellant testified on his own behalf.  The jury assessed his punishment at
twenty-three years= confinement in the
Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) and
a $10,000 fine.  On Appellant=s motion,
the trial court granted him a new trial based on jury misconduct.








The State re-indicted, alleging in three counts
three separate manners and means of committing the same aggravated robbery
(there was only one complainant).  At his
second trial, Appellant pled not guilty to each count.  Over Appellant=s
objections, the trial court admitted his testimony from the prior trial=s
punishment phase during the new trial=s guilt
phase.  The jury found him guilty on all
three counts and assessed his punishment at twenty years=
confinement in the IDTDCJ on each count. 
The visiting judge, sitting for the trial court, sentenced him
accordingly and ordered the sentences to be served concurrently.  Appellant filed a motion for a new trial and
a notice of appeal.     In a single point,
Appellant contends that the trial court erred in admitting his testimony from
the previous trial because it violated his federal and state constitutional
rights against self-incrimination. 
Additionally, before this case was submitted, this court communicated
its concern to the parties that Appellant received three aggravated robbery
convictions and sentences despite the indictment=s naming
just one complainant and describing just one incident.  Because we hold that the trial court did not
err by admitting the testimony Appellant had given after waiving his rights to
remain silent, and because the parties agree that only one conviction and
sentence for aggravated robbery with a deadly weapon may stand, we affirm the
trial court=s judgment as modified.

In Chavez v. State, the Texas Court of
Criminal Appeals held that a criminal defendant who takes the stand waives his
right to remain silent under both state and federal constitutions.[2]  The testimony may be used against him at a
subsequent trial of the same case.[3]  Appellant argues that a defendant has
separate rights against self-incrimination at the guilt phase and the
punishment phase of a trial and that Chavez may be distinguished because
the defendant in Chavez testified in a unitary bench trial.













Appellant is correct that a defendant in a
criminal trial may testify at the guilt phase but invoke his right to remain
silent at the punishment phase of the trial.[4]  But his reliance on Carroll is
misplaced.[5]  In that case, the issue was not the use of
prior testimony, but rather whether a defendant may be compelled to testify in
the punishment phase to request probation after waiving her right to remain
silent at the guilt portion of a unitary bench trial.[6]   Clearly, she cannot be compelled to testify.[7]  This rule, however, would not prevent the
State from offering her previous testimony to the trial court as a circumstance
for the trial judge=s consideration in determining
the appropriate punishment.[8] In the case now before this court, however, we
are not presented with a case in which Appellant waived his right to remain
silent at one phase and invoked it at the other.  Instead, this case involves Appellant=s waiver
of a right to remain silent during the punishment phase of one trial and the
admission of his voluntary testimony from that trial in the guilt phase of a new
trial.  In Chavez, after pleading
guilty in his first trial, Chavez testified to mitigate his punishment.[9]  In the new trial, a redacted transcript of
his Ahighly
incriminating@ testimony, which Aamounted
to an admission of guilt,@ was read into the record before
the jury, but the trial court, not the jury, assessed punishment.[10]  Thus, in Chavez, as here, the
defendant=s former testimony on the issue
of punishment was admitted during the guilt phase of his new trial.  Unlike Appellant, we do not find it
significant that Chavez=s first trial was a unitary
proceeding (because of his guilty plea) while Appellant=s
original trial was bifurcated.  The
defendant=s waiver and testimony in each
case occurred before the relevant fact finder.

In the case now before this court, Appellant
testified for all purposes at the punishment phase of the first trial.  His attorney had ample opportunity to bring
out any mitigation or other favorable evidence that he might have wished to
develop. By voluntarily testifying before the jury, Appellant waived his right
against compulsory self-incrimination with respect to the testimony he gave.[11]
Because Appellant=s former testimony was
admissible, the trial court did not err by admitting it.[12]  We therefore overrule Appellant=s sole
point.








At oral argument on appeal, both the State and
Appellant agreed that the judgment should be corrected to reflect a single
conviction and sentence for aggravated robbery with a deadly weapon.  Only one complainant is named in the
indictment, only one incident is described, and thus only one robbery occurred.[13]  Appellant=s
convictions therefore violate double jeopardy protections because he was
convicted and punished three times for a single offense.[14]








No postsubmission briefs indicating which
conviction and sentence to retain were filed. 
The law provides that we must retain the conviction for the most serious
offense and set the others aside.[15]  The most serious offense is the conviction
for which the greatest sentence was assessed.[16]  In this case, all the convictions are for
aggravated robbery with a deadly weapon, all include an affirmative deadly
weapon finding, and all the sentences are for twenty years=
confinement; thus, they are all equal. 
Consequently, we retain the conviction and sentence on the first count
and vacate the convictions and sentences on the second and third counts.[17]  The judgment as modified shall reflect only a
conviction for the first count and its related sentence of twenty years=
confinement.[18]

Having overruled Appellant=s sole
point and having vacated the convictions and sentences on counts two and three,
we affirm the trial court=s judgment as modified.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 29, 2007











[1]See Tex. R. App. P. 47.4.





[2]508 S.W.2d 384, 385-86 (Tex. Crim. App. 1974).





[3]Id. at 386.





[4]Carroll v. State, 68 S.W.3d 250, 253 (Tex. App.CFort Worth 2002, no pet.).





[5]See id.





[6]Id. at 252.





[7]Id. at 253.





[8]See Duffy v. State, 567 S.W.2d 197, 208 (Tex. Crim. App.) (AIt is clear that in assessing punishment the jury may
consider all of the evidence adduced at trial on guilt or innocence.@), cert.
denied, 439 U.S. 991 (1978).





[9]Chavez, 508
S.W.2d at 386.





[10]Id.





[11]See id.





[12]See Bryan v. State, 804 S.W.2d 648, 652 (Tex. App.CEastland 1991) (holding no error in admitting Bryan=s
testimony from former trial in the guilt phase of new trial), aff=d, 837 S.W.2d 637, 639, 645 (Tex. Crim. App. 1992),
abrogated on other grounds, Trevino v. State, 991 S.W.2d 849, 853 (Tex.
Crim. App. 1999); Reyes v. State, No. 05-91-00062-CR, 1991 WL 252787, at *1-2 (Tex.
App.CDallas Nov. 21, 1991, no
pet.) (not designated for publication) (upholding the admission of a
transcription of Reyes=s testimony from the
guilt phase of his first trial during the punishment phase of his second
trial).





[13]See Ex parte Hawkins, 6 S.W.3d 554, 560‑61 (Tex. Crim. App. 1999) (providing that the
allowable unit of prosecution for robbery is the person assaulted).





[14]See Ex parte Cavazos, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (granting habeas relief
for extra burglary conviction when only one entry occurred).





[15]Id.





[16]Id.





[17]See id. at
339 n.8; see also Ex parte Cravens, 805 S.W.2d 790, 791 (Tex. Crim. App.
1991).





[18]See Cravens,
805 S.W.2d at 791.