COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-390-CR

RAYMOND DAVID NEWSOME APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Raymond David Newsome was charged with one count of aggravated robbery.  At his jury trial, he pled not guilty.  The jury found him guilty as charged.  During the punishment phase of the trial, Appellant testified on his own behalf.  The jury assessed his punishment at twenty-three years’ confinement in the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) and a $10,000 fine.  On Appellant’s motion, the trial court granted him a new trial based on jury misconduct.

The State re-indicted, alleging in three counts three separate manners and means of committing the same aggravated robbery (there was only one complainant).  At his second trial, Appellant pled not guilty to each count.  Over Appellant’s objections, the trial court admitted his testimony from the prior trial’s punishment phase during the new trial’s guilt phase.  The jury found him guilty on all three counts and assessed his punishment at twenty years’ confinement in the IDTDCJ on each count.  The visiting judge, sitting for the trial court, sentenced him accordingly and ordered the sentences to be served concurrently.  Appellant filed a motion for a new trial and a notice of appeal. In a single point, Appellant contends that the trial court erred in admitting his testimony from the previous trial because it violated his federal and state constitutional rights against self-incrimination.  Additionally, before this case was submitted, this court communicated its concern to the parties that Appellant received three aggravated robbery convictions and sentences despite the indictment’s naming just one complainant and describing just one incident.  Because we hold that the trial court did not err by admitting the testimony Appellant had given after waiving his rights to remain silent, and because the parties agree that only one conviction and sentence for aggravated robbery with a deadly weapon may stand, we affirm the trial court’s judgment as modified.

In 
Chavez v. State
, the Texas Court of Criminal Appeals held that a criminal defendant who takes the stand waives his right to remain silent under both state and federal constitutions.
(footnote: 2)  The testimony may be used against him at a subsequent trial of the same case.
(footnote: 3)  Appellant argues that a defendant has separate rights against self-incrimination at the guilt phase and the punishment phase of a trial and that
 Chavez
 may be distinguished because the defendant in 
Chavez
 testified in a unitary bench trial.

Appellant is correct that a defendant in a criminal trial may testify at the guilt phase but invoke his right to remain silent at the punishment phase of the trial.
(footnote: 4)  But his reliance on 
Carroll
 is misplaced.
(footnote: 5)  In that case, the issue was not the use of prior testimony, but rather whether a defendant may be compelled to testify in the punishment phase to request probation after waiving her right to remain silent at the guilt portion of a unitary bench trial.
(footnote: 6)   Clearly, she cannot be compelled to testify.
(footnote: 7)  This rule, however, would not prevent the State from offering her previous testimony to the trial court as a circumstance for the trial judge’s consideration in determining the appropriate punishment.
(footnote: 8) In the case now before this court, however, we are not presented with a case in which Appellant waived his right to remain silent at one phase and invoked it at the other.  Instead, this case involves Appellant’s waiver of a right to remain silent during the punishment phase of one trial and the admission of his voluntary testimony from that trial in the guilt phase of a new trial.  In 
Chavez
, after pleading guilty in his first trial, Chavez testified to mitigate his punishment.
(footnote: 9)  In the new trial, a redacted transcript of his “highly incriminating” testimony, which “amounted to an admission of guilt,” was read into the record before the jury, but the trial court, not the jury, assessed punishment.
(footnote: 10)  Thus, in 
Chavez
, as here, the defendant’s former testimony on the issue of punishment was admitted during the guilt phase of his new trial.  Unlike Appellant, we do not find it significant that Chavez’s first trial was a unitary proceeding (because of his guilty plea) while Appellant’s original trial was bifurcated.  The defendant’s waiver and testimony in each case occurred before the relevant fact finder.

In the case now before this court, Appellant testified for all purposes at the punishment phase of the first trial.  His attorney had ample opportunity to bring out any mitigation or other favorable evidence that he might have wished to develop. By voluntarily testifying before the jury, Appellant waived his right against compulsory self-incrimination with respect to the testimony he gave.
(footnote: 11) Because Appellant’s former testimony was admissible, the trial court did not err by admitting it.
(footnote: 12)  We therefore overrule Appellant’s sole point.

At oral argument on appeal, both the State and Appellant agreed that the judgment should be corrected to reflect a single conviction and sentence for aggravated robbery with a deadly weapon.  Only one complainant is named in the indictment, only one incident is described, and thus only one robbery occurred.
(footnote: 13)  Appellant’s convictions therefore violate double jeopardy protections because he was convicted and punished three times for a single offense.
(footnote: 14)
 No postsubmission briefs indicating which conviction and sentence to retain were filed.  The law provides that we must retain the conviction for the most serious offense and set the others aside.
(footnote: 15)  The most serious offense is the conviction for which the greatest sentence was assessed.
(footnote: 16)  In this case, all the convictions are for aggravated robbery with a deadly weapon, all include an affirmative deadly weapon finding, and all the sentences are for twenty years’ confinement; thus, they are all equal.  Consequently, we retain the conviction and sentence on the first count and vacate the convictions and sentences on the second and third counts.
(footnote: 17)  The judgment as modified shall reflect only a conviction for the first count and its related sentence of twenty years’ confinement.
(footnote: 18)
 Having overruled Appellant’s sole point and having vacated the convictions and sentences on counts two and three, we affirm the trial court’s judgment as modified.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 29, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
508 S.W.2d 384, 385-86 (Tex. Crim. App. 1974).

3:
Id
. at 386.

4:
Carroll v. State
, 68 S.W.3d 250, 253 (Tex. App.—Fort Worth 2002, no pet.).

5:
See
 
id.

6:
Id. 
at 252.

7:
Id. 
at 253.

8:
See Duffy v. State
, 567 S.W.2d 197, 208 (Tex. Crim. App.) (“It is clear that in assessing punishment the jury may consider all of the evidence adduced at trial on guilt or innocence.”), 
cert. denied
, 439 U.S. 991 (1978).

9:
Chavez
, 508 S.W.2d at 386.

10:
Id.

11:
See id.

12:
See Bryan v. State
, 804 S.W.2d 648, 652 (Tex. App.—Eastland 1991) (holding no error in admitting Bryan’s testimony from former trial in the guilt phase of new trial), 
aff’d
, 837 S.W.2d 637, 639, 645 (Tex. Crim. App. 1992),
 abrogated on other grounds
, 
Trevino v. State
, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999); 
Reyes v. State
, No. 05-91-00062-CR, 1991 W
L 252787, at *1-2 (Tex. App.—Dallas Nov. 21, 1991, no pet.)
 (not designated for publication) (upholding the admission of a transcription of Reyes’s testimony from the guilt phase of his first trial during the punishment phase of his second trial).

13:
See Ex parte Hawkins
, 6 S.W.3d 554, 560-61 (Tex. Crim. App. 1999) (providing that the allowable unit of prosecution for robbery is the person assaulted).

14:
See Ex parte Cavazos
, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (granting habeas relief for extra burglary conviction when only one entry occurred).

15:
Id.

16:
Id.

17:
See id.
 at 339 n.8; 
see also Ex parte Cravens
, 805 S.W.2d 790, 791 (Tex. Crim. App. 1991).

18:
See Cravens
, 805 S.W.2d at 791.