

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-381-CR

JAMES PATRICK SMITH                                        APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

## FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant James Patrick Smith appeals his adjudication of guilt for violating conditions of his community supervision. In six points, Appellant argues the trial court abused its discretion by revoking his community

---

[1] *See* Tex. R. App. P. 47.4.

supervision and imposing an eighty-year sentence.  We will affirm the trial court's judgment.

II.  Factual and Procedural Background

In April 2005, a grand jury indicted Appellant of eight counts of aggravated sexual assault and one count of indecency with a child.  Appellant pleaded guilty on November 13, 2007, to one count of aggravated sexual assault.  The trial court placed Appellant on ten years' deferred adjudication community supervision.  The conditions of Appellant's community supervision prohibited him from drinking alcohol.

Appellant attended a sex offender treatment session in late March 2008 with the smell of alcohol on his breath and, at the time, admitted to drinking "a beer or half a beer prior to attending treatment."[2]  During a later review of this violation with his community supervision officer, Jeremy Thompson, Appellant admitted to having "approximately two-and-a-half beers" before attending the sex offender treatment session.  In June and July, Appellant made multiple admissions to Thompson that he drank alcohol, including one admission that he "regularly consumed a fifth of whiskey and approximately six or seven six-

---

[2] ... Appellant's community supervision officer testified this event occurred a week or two before he took over Appellant's case in the first week of April 2008.

2

packs of beer every—in every two-week period. At that time, [Appellant] said it was representative of how much he drank while on probation." On June 12, 2008, Thompson filed a Courtesy Supervision Progress Report requesting the Montague County district attorney to consider pursuing revocation of Appellant's community supervision.

On July 24, 2008, the State filed a motion to proceed with adjudication of guilt and alleged that Appellant violated conditions of his community supervision by: (1) consuming alcohol on or about March 17, 2008, and (2) having contact with a minor child. The trial court held a hearing on the State's motion on October 13, 2008, and Appellant entered pleas of "not true" to both allegations. During the hearing, Thompson testified that a July 23, 2008 conversation with Appellant "implied that [Appellant] was continuing to drink."[3]

After hearing the evidence, the trial court found that on or about March 17, 2008, Appellant violated a condition of his community supervision by consuming alcohol.[4] The court revoked Appellant's community supervision and adjudicated Appellant guilty of the felony offense of aggravated sexual assault.

---

[3] ... Thompson testified that his last contact with Appellant occurred July 23, 2008. Thompson transferred from the Sex Offender Unit of the Tarrant County Adult Probation Department on July 31, 2008.

[4] ... The trial court did not find the second allegation, contact with a minor child, to be true.

On October 14, 2008, the trial court sentenced Appellant to eighty years' imprisonment.[5]

III. Analysis

A.  Standard of Review

We review an order revoking community supervision under an abuse of discretion standard.  *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919.  This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision as the State alleged.  *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light

---

[5] The trial court assessed punishment one day after the hearing on the State's motion to revoke community supervision so that an updated Presentence Investigation Report could be prepared, submitted, and reviewed by Appellant and the State.

4

most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

B. Delay in Reporting Violation Does Not Preclude Revocation

In the first half of Appellant's first point, he contends the trial court abused its discretion by hearing evidence of Appellant's alleged violation of his "no alcohol" community service condition in March 2008 because Thompson did not report Appellant's alleged violation to the court for three months.

A judge may issue a warrant for violation of any of the conditions of the community supervision *at any time* during the period of community supervision—regardless of the delay in reporting the alleged violation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 2009); *Flournoy v. State*, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979) (holding that "a subsequent arrest on order of the court rendered within the period of probation

5

is in conformity with [article 42.12, section 21(b)] even though there is a delay in reporting the alleged violation to the court"); *Miller v. State*, 330 S.W.2d 466, 468 (Tex. Crim. App. 1959) (holding that probation officer's five-month delay in reporting appellant's violation did not preclude its use as a basis for revocation).

Thomas testified that on four different occasions, Appellant admitted to drinking alcohol while on deferred adjudication probation in violation of a condition of his community supervision. With each admission, the amount, frequency, or duration of alcohol consumption increased. Any one of these admissions is sufficient to affirm the trial court's revocation of Appellant's deferred adjudication community supervision at any time during Appellant's community supervision. *See Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871.

Based on the evidence detailed above, the trial court could have formed a reasonable belief that Appellant violated a term of his community supervision by drinking alcohol. Because the trial court did not abuse its discretion by permitting the State to present evidence of Appellant's violation of a condition of his community supervision, we overrule the first half of Appellant's first point.

In the second half of Appellant's first point, Appellant argues we should reverse the trial court's revocation of his community supervision because he did not violate the Texas Penal Code. However, a trial court may revoke an appellant's community supervision because an appellant violates the Texas Penal Code *or* a condition of his community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 21–23 (Vernon Supp. 2009); *see Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871; *see also Coffel v. State*, 242 S.W.3d 907, 909 (Tex. App.—Texarkana 2007, no pet.) ("On proof that the defendant has violated one of the terms of [community supervision], the trial court may, at a proper revocation hearing, . . . revoke the probationer's community release.").

As previously explained, the trial court could have formed a reasonable belief that Appellant violated a term of his community supervision by drinking alcohol. Thus, the trial court did not abuse its discretion by revoking Appellant's community supervision. We overrule the second half of Appellant's first point.

C. Appellant Received Due Process Protections

In his second point, Appellant contends the trial court abused its discretion by allowing Appellant's admissions during treatment to be used to

7

revoke his community supervision in violation of his due process right under the U.S. Constitution.

A probationer is entitled to certain due process protections in the revocation proceedings. *Bradley v. State*, 564 S.W.2d 727, 729–30 (Tex. Crim. App. 1978); *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In *Gagnon v. Scarpelli*, the Supreme Court extended the due process protections to state probation revocation proceedings, recognizing that revocation of probation deprives an individual of a conditional liberty. 411 U.S. 778, 782, 94 S. Ct. 1756, 1759–60 (1973); *see Diaz v. State*, 172 S.W.3d 668, 671 (Tex. App.—San Antonio 2005, no pet.). Specifically, due process in a probation revocation proceeding entitles the probationer to (1) written notice of the claimed violations of his probation, (2) disclosure of the evidence against him, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) a neutral hearing body, (5) the opportunity to cross-examine adverse witnesses, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for

revoking probation.[6] *Black v. Romano*, 471 U.S. 606, 611–12, 105 S. Ct. 2254, 2258 (1985).

Appellant does not explain in his brief how the trial court violated his due process protections under *Black*, nor does he cite to the record as support for his contention. Appellant simply argues that the "[a]pplication of probation standards to deferred adjudication is fundamentally unfair," and that "deferred adjudication should be afforded the full range of right[s] afforded a defendant under the due process clause of the Fourteenth Amendment." Appellant fails to cite any relevant authority, from this jurisdiction or from any other, to support this argument. Therefore, we deem this point inadequately briefed. Tex. R. App. P. 38.1(i); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 1053 (2001). We overrule Appellant's second point.

D. Appellant's Admissions Not Compelled or Inadmissible

In his third and fourth points, Appellant contends the trial court abused its discretion by permitting his admissions of alcohol use to his probation officer to be used as evidence against him during the revocation hearing. Specifically,

---

[6] Appellant did not request written findings of fact or conclusions of law. *See King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983); *Gonzales v. State*, Nos. 05-07-01710-CR & 05-07-01711-CR, 2009 WL 294851, at *5 (Tex. App.—Dallas Feb. 9, 2009, no pet.) (not designated for publication).

Appellant argues the admissions were compelled and inadmissible under both the Fifth Amendment and the Texas constitution.

Appellant makes no effort to distinguish the self-incrimination rights, protections, and privileges afforded by the U.S. Constitution from those guaranteed by the state constitution. When briefing constitutional issues, a party should separate federal and state issues into distinct points or issues and provide substantive argument on each. *McCambridge v. State*, 712 S.W.2d 499, 501 n.9 (Tex. Crim. App. 1986). If a party does not do this, we need not address federal and state constitutional issues separately. *Eldridge v. State*, 940 S.W.2d 646, 650–51 (Tex. Crim. App. 1996). Therefore, because the state constitution gives no greater rights against self-incrimination than does the U.S. Constitution, we will address Appellant's third and fourth points solely under the U.S. Constitution. *See Olson v. State*, 484 S.W.2d 756, 762 (Tex. Crim. App.1972) (op. on reh'g); *Carroll v. State*, 68 S.W.3d 250, 253 n.3 (Tex. App.—Fort Worth 2002, no pet.); *see also Wood v. State*, 18 S.W. 3d 642, 648 n.5 (Tex. Crim. App. 2000) (stating that where appellant's brief makes no distinction between federal and state protections, the court reviews federal only).

A person may not be compelled to make an incriminating statement. U.S. Const. amend. V. However, this privilege against self-incrimination must be

10

invoked in all but a few specific situations in order for an individual to claim his statement was compelled. *Chapman v. State*, 115 S.W.3d 1, 6 (Tex. Crim. App. 2003). Appellant acknowledges he did not assert his right against self-incrimination before telling Thompson about drinking alcohol. Therefore, we must determine whether the facts of this case fall within "the classic penalty situation" relieving an individual of the obligation to assert the Fifth Amendment privilege. *See id.*

In the classic penalty situation, a person is threatened with punishment for asserting his privilege against self-incrimination, depriving him of his choice to refuse to answer. *Id.* (citing *Garrity v. New Jersey*, 385 U.S. 493, 496, 87 S. Ct. 616, 618 (1967)). In the context of a community supervision situation, "[t]he critical inquiry is whether a state has gone beyond merely requiring a probationer to appear and speak on matters relevant to his probationary status, or 'whether [it goes] further and require[s] him to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent.'" *Id.* at 7–8 (quoting *Minnesota v. Murphy*, 465 U.S. 420, 436, 104 S. Ct. 1136, 1147 (1984)). In *Murphy*, the Supreme Court held that a probation condition requiring a probationer to be truthful with his probation officer did not present a classic penalty situation. *Murphy*, 465 U.S. at 439, 104 S. Ct. at 1148. In making this determination, the Court considered the following factors:

11

(1) the obligation was similar to the obligation of a trial witness compelled to appear who must answer truthfully under penalty of perjury, or assert his Fifth Amendment privilege; (2) the probation terms were silent as to the consequences should a probationer assert his Fifth Amendment privilege; (3) there was no evidence the incriminating statements were made because the probationer was threatened with revocation; and (4) even if the probationer believed his probation could be revoked for invoking the privilege, this belief would not have been objectively reasonable because the State cannot carry out a threat to revoke probation for invoking the privilege. *Murphy*, 465 U.S. at 436–39, 104 S. Ct. at 1147–49.

In this case, there is no indication that anyone expressly or impliedly stated that Appellant's community supervision would be revoked if he exercised his privilege against self-incrimination. His community supervision required him to meet monthly with Thompson and to permit Thompson to visit him at his home or elsewhere. But, here, as in *Murphy*, there was no mention of the consequences of invoking his Fifth Amendment privilege during these meetings and visits. *See id.* at 437, 104 S. Ct. at 1147. Further, Appellant does not claim that he made the incriminating statements because he was threatened with community supervision revocation, that his admissions were responses to direct questions, or that he was expressly informed that refusing to divulge the

12

incriminating information would result in the imposition of a penalty. *See id.* at 437–38, 104 S. Ct. at 1147–48. Additionally, any belief by Appellant that his community supervision would be revoked for invoking his Fifth Amendment right would not have been objectively reasonable because the State could not legitimately revoke his probation for that reason. *See id.* at 438, 104 S. Ct. at 1148. Because there is no evidence Appellant would have been subject to an automatic penalty had he invoked his Fifth Amendment right, Appellant was required to assert the privilege. *Chapman*, 115 S.W.3d at 11. Because he did not invoke his right against self-incrimination, Appellant's statement was not compelled within the meaning of the Fifth Amendment. *Id.* at 3. Therefore, we hold the trial court did not abuse its discretion by admitting testimony of Appellant's admissions. Accordingly, we overrule Appellant's third and fourth points.

E.  Testimonial Evidence Sufficient to Support Revocation

In his fifth point, Appellant contends the trial court abused its discretion by revoking his community supervision because Thompson's testimony was too inconsistent for the court to find facts supporting revocation on the grounds that Appellant consumed alcohol on or about March 17, 2008.

A trial court may accept or reject any or all of a witness's testimony. *Allbright*, 13 S.W.3d at 819. Thompson testified Appellant attended a sex

13

offender treatment session in late March 2008 with the smell of alcohol on his breath and, at the time, admitted to drinking "a beer or half a beer prior to attending treatment." Thompson also testified Appellant later admitted to having "approximately two-and-a-half beers" before attending the session. In June and July, Appellant made multiple admissions to Thompson that he drank alcohol, including one admission by Appellant that he "regularly consumed a fifth of whiskey and approximately six or seven six-packs of beer every—in every two-week period. At that time, he said it was representative of how much he drank while on probation." Each of Appellant's admissions increased the amount, frequency, or duration of alcohol he consumed.

The second condition of the trial court's order imposing community supervision stated that Appellant was not to drink alcohol. Based on Thompson's testimony, the trial court could have formed a reasonable belief that Appellant violated a term of his community supervision by drinking alcohol on or about March 17, 2008. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez*, 603 S.W.2d at 871. Therefore, the trial court did not abuse its discretion by revoking Appellant's community supervision. We overrule Appellant's fifth point.

14

F. Appellant Failed to Object to Punishment at Revocation Hearing

In Appellant's final point, he complains the trial court abused its discretion by sentencing him to eighty years' imprisonment. We agree with the State that this issue is not properly before us because Appellant did not object or otherwise raise the alleged error in the trial court.[7] *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see also Thompson v. State*, 243 S.W.3d 774, 776 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding that appellant forfeited his complaint regarding his post-adjudication sentence because he did not object at trial or present his motion for new trial); *Davis v. State*, No. 02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App.—Fort Worth Mar. 17, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that appellant forfeited his complaint regarding his sentence because he did not object at trial); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd) (stating that error

---

[7]... Even assuming this point was properly before us, we would overrule Appellant's sixth point. Section 12.32 of the penal code states that a person adjudicated guilty of a first degree felony shall be punished by confinement in the Texas Department of Criminal Justice for life or for any term of not more than ninety-nine years or less than five years. Tex. Penal Code Ann. § 12.32(a) (Vernon 2009). It is clear the punishment assessed by the trial court fell within the range of punishment established by law, and a penalty imposed within the range prescribed by the legislature will not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

15

was not preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed and failed to file a motion for new trial).  Therefore, we must overrule Appellant's sixth point.

IV. Conclusion

Having overruled each of Appellant's six points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 17, 2009