COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-227-CR

 

 

PAUL LOZANO                                                                                  APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

                                                       ------------

 

              FROM
THE 211TH  DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Upon his guilty
plea, a jury convicted Appellant Paul Lozano of aggravated assaultBserious bodily
injury and assessed his punishment at twelve years= confinement and a
$10,000 fine.  The trial court sentenced
him accordingly.  In his sole issue,
Appellant contends that the trial court abused its discretion by denying his
motion for mistrial after the prosecutor commented on Appellant=s failure to
testify in the State=s final argument at the punishment
phase.  Applying the standard of review
we are compelled to employ, we hold that the trial court did not abuse its
discretion in denying Appellant=s motion for
mistrial.  We therefore affirm the trial
court=s judgment.

I. 
Facts

Appellant was
indicted for aggravated assault causing serious bodily injury to his wife,
Natasha.  He pled not guilty, and a jury
trial began on June 15, 2009.  On the
first day of trial, Dr. Emily McLaughlin testified for the State about Natasha=s injuries
resulting from the assault.  On June 17,
2009, the second day of trial, Appellant changed his plea to guilty and made an
application for community supervision.

During the
punishment phase, Appellant put on evidence relating to his need for
rehabilitation for alcoholism.  During
the State=s final argument, the prosecutor stated, ADid [Appellant] come
in here and say, man, I=m an alcoholic and, yeah, I plead guilty?@  Appellant objected.  The conscientious trial judge immediately
recognized the direct comment on Appellant=s invocation of
his constitutional and statutory right to remain silent, sustained Appellant=s objection to the
improper argument, and sua sponte
instructed the jury to disregard the improper argument.  Appellant requested a mistrial, and the trial
court denied the request.  The issue, as
Appellant points out, is whether the trial court abused its discretion by
denying the mistrial.[2]  








II.  Substantive Law

The right to
remain silent is guaranteed, not only at the guilt phase of a trial, but also
at the punishment phase.[3]  A comment on a criminal defendant=s election to
invoke his right to remain silent under both the state and federal
constitutions, as well as under article 38.08 of the Texas Code of Criminal
Procedure, violates the constitutional and statutory guarantees that protect us
all.[4]








Article 38.08
provides that a defendant=s failure to testify on the defendant=s own behalf may
not be held against the defendant and that counsel may not allude to the
defendant=s failure to testify.[5]  To determine if a prosecutor=s comment violated
article 38.08 and constituted an impermissible reference to an accused=s failure to
testify, we must decide whether the language used was manifestly intended or
was of such a character that the jury naturally and necessarily would have
considered it to be a comment on the defendant=s failure to
testify.[6]  The offending language must be viewed from
the jury=s standpoint, and
the implication that the comment referred to the accused=s failure to
testify must be clear.[7]  A mere indirect or implied allusion to the
defendant=s failure to testify does not violate the
accused=s right to remain
silent.[8]

We are required to
balance three factors in determining whether the trial court abused its
discretion by denying the motion for mistrial: (1) the magnitude of the
prejudicial effect of the prosecutor=s remarks, that
is, the severity of the misconduct, (2) the curative measures taken by the
trial court, and (3) the certainty of the punishment assessed.[9]  Normally, an instruction to disregard the
comment on a defendant=s election not to testify can cure the
prejudicial effect caused by the improper comment.[10]  A jury is presumed to follow the instructions
of the trial court to disregard the improper statement.[11]

III.  Analysis

 

A.  Severity of the
Misconduct











The State made the
improper statement at issue but did not return to the subject in its
argument.  The State made no previous
statement or comment on Appellant=s decision not to
testify.  The statement was direct, but
it was brief.  It also involved Appellant=s initial plea of
not guilty and then his changing his plea to guilty.  Given the record as a whole, the magnitude of
the prejudicial effect of the State=s comment is not
great.

B.  Curative Measures

The trial court immediately
instructed the jury to disregard the improper argument without request from
Appellant.  The instruction was clear and
unequivocal that the jury was to disregard the prosecutor=s statement.  During voir dire, the
trial court had informed the venire members regarding Appellant=s right to remain
silent and had questioned the members of the venire as to whether they could
follow that specific provision of the law. 
The jury charge instructed the jury that it could not
Aand must not,
refer to or allude to the election of any defendant to not testify when@ entering
deliberations Aor take such election into consideration
for any purpose whatever as evidence or a circumstance against the defendant.@  The curative measures were certainly
sufficient.  

C.  Certainty of the Punishment Assessed Absent
the Misconduct








The punishment was
not unrealistic in relation to the facts of the case.  Appellant threatened to kill his wife.  He beat her badly.  Her injuries were extensive.  There was evidence of prior assaults.  It is true that the violence seemed to be
triggered by alcohol consumption, and it is also true that Appellant was
immediately remorseful when he realized what he had done.  Nevertheless, although Appellant was eligible
for community supervision, the jury was not obligated to recommend suspending
the imposition of the sentence and placing Appellant on community supervision.

Punishment for
aggravated assault ranges from two to twenty years= confinement and
may include a fine of up to $10,000.[12]  After the State improperly argued without
objection that 

[t]he
fine is going to be purely symbolic.  It
will never be paid.  Some juries do it to
send a message to the parole board, but it=s purely symbolic. 
That=s simply the way it goes.  If someone is sentenced to the penitentiary,
regardless of a fine, that never gets paid. 
It doesn=t go to the victim, it doesn=t go to some state fund.  It just never gets paid[,]

 

the jury assessed the
maximum fine, but it also assessed a term of imprisonment which was only a
little more than half of the maximum term available. 

IV.  Conclusion

Balancing the
factors, we cannot conclude that the trial court abused its discretion by
denying Appellant=s motion for mistrial.  We therefore are compelled to overrule
Appellant=s sole issue and affirm the trial court=s judgment.

 

 

LEE ANN DAUPHINOT








JUSTICE

 

PANEL: 
LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
April 15, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).





[3]Carroll v. State, 68 S.W.3d
250, 253 (Tex. App.CFort Worth 2002, no pet.).





[4]See U.S. Const. amend.
V; Tex. Const. art. I, '
10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon
2005).





[5]Tex. Code Crim.
Proc. Ann. art.
38.08.





[6]Id.; see Bustamante v. State,
48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes
v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999).





[7]Bustamante, 48 S.W.3d
at 765; Swallow v. State, 829 S.W.2d 223, 225
(Tex. Crim. App. 1992).





[8]Wead v. State, 129 S.W.3d
126, 130 (Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 490B91 (Tex. Crim. App. 1995), cert. denied, 517 U.S.
1106 (1996).





[9]Archie v.
State, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); Hawkins, 135
S.W.3d at 77.





[10]Moore v. State, 999 S.W.2d
385, 405 (Tex. Crim. App. 1999), cert. denied, 530 U.S. 1216 (2000).





[11]Wesbrook v. State, 29 S.W.3d
103, 116 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).





[12]See Tex. Penal Code Ann. ' 12.33 (Vernon Supp. 2009).