

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 2-09-227-CR**

PAUL LOZANO                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

------------

FROM THE 211TH  DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Upon his guilty plea, a jury convicted Appellant Paul Lozano of aggravated assault–serious bodily injury and assessed his punishment at twelve years' confinement and a $10,000 fine.  The trial court sentenced him accordingly.  In his sole issue, Appellant contends that the trial court abused its discretion by denying his motion for mistrial after the prosecutor commented on Appellant's failure to testify in the State's final argument at the punishment phase.  Applying the standard of review we are compelled to employ, we hold that the trial court did not abuse its

---

[1] *See* Tex. R. App. P. 47.4.

discretion in denying Appellant's motion for mistrial. We therefore affirm the trial court's judgment.

## I. Facts

Appellant was indicted for aggravated assault causing serious bodily injury to his wife, Natasha. He pled not guilty, and a jury trial began on June 15, 2009. On the first day of trial, Dr. Emily McLaughlin testified for the State about Natasha's injuries resulting from the assault. On June 17, 2009, the second day of trial, Appellant changed his plea to guilty and made an application for community supervision.

During the punishment phase, Appellant put on evidence relating to his need for rehabilitation for alcoholism. During the State's final argument, the prosecutor stated, "Did [Appellant] come in here and say, man, I'm an alcoholic and, yeah, I plead guilty?" Appellant objected. The conscientious trial judge immediately recognized the direct comment on Appellant's invocation of his constitutional and statutory right to remain silent, sustained Appellant's objection to the improper argument, and sua sponte instructed the jury to disregard the improper argument. Appellant requested a mistrial, and the trial court denied the request. The issue, as Appellant points out, is whether the trial court abused its discretion by denying the mistrial.[2]

---

[2]... *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

## II. Substantive Law

The right to remain silent is guaranteed, not only at the guilt phase of a trial, but also at the punishment phase.[3] A comment on a criminal defendant's election to invoke his right to remain silent under both the state and federal constitutions, as well as under article 38.08 of the Texas Code of Criminal Procedure, violates the constitutional and statutory guarantees that protect us all.[4]

Article 38.08 provides that a defendant's failure to testify on the defendant's own behalf may not be held against the defendant and that counsel may not allude to the defendant's failure to testify.[5] To determine if a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify.[6] The offending language must be viewed from the jury's standpoint, and the implication that the comment referred

---

[3] ... *Carroll v. State*, 68 S.W.3d 250, 253 (Tex. App.—Fort Worth 2002, no pet.).

[4] ... *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).

[5] ... Tex. Code Crim. Proc. Ann. art. 38.08.

[6] ... *Id.*; *see Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).

to the accused's failure to testify must be clear.[7] A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent.[8]

We are required to balance three factors in determining whether the trial court abused its discretion by denying the motion for mistrial: (1) the magnitude of the prejudicial effect of the prosecutor's remarks, that is, the severity of the misconduct, (2) the curative measures taken by the trial court, and (3) the certainty of the punishment assessed.[9] Normally, an instruction to disregard the comment on a defendant's election not to testify can cure the prejudicial effect caused by the improper comment.[10] A jury is presumed to follow the instructions of the trial court to disregard the improper statement.[11]

## III.  Analysis

### A.  Severity of the Misconduct

---

[7] ... *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).

[8] ... *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

[9] ... *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); *Hawkins*, 135 S.W.3d at 77.

[10] ... *Moore v. State*, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000).

[11] ... *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

The State made the improper statement at issue but did not return to the subject in its argument. The State made no previous statement or comment on Appellant's decision not to testify. The statement was direct, but it was brief. It also involved Appellant's initial plea of not guilty and then his changing his plea to guilty. Given the record as a whole, the magnitude of the prejudicial effect of the State's comment is not great.

## B. Curative Measures

The trial court immediately instructed the jury to disregard the improper argument without request from Appellant. The instruction was clear and unequivocal that the jury was to disregard the prosecutor's statement. During voir dire, the trial court had informed the venire members regarding Appellant's right to remain silent and had questioned the members of the venire as to whether they could follow that specific provision of the law. The jury charge instructed the jury that it could not "and must not, refer to or allude to the election of any defendant to not testify when" entering deliberations "or take such election into consideration for any purpose whatever as evidence or a circumstance against the defendant." The curative measures were certainly sufficient.

## C. Certainty of the Punishment Assessed Absent the Misconduct

The punishment was not unrealistic in relation to the facts of the case. Appellant threatened to kill his wife. He beat her badly. Her injuries were extensive. There was evidence of prior assaults. It is true that the violence seemed to be

5

triggered by alcohol consumption, and it is also true that Appellant was immediately remorseful when he realized what he had done. Nevertheless, although Appellant was eligible for community supervision, the jury was not obligated to recommend suspending the imposition of the sentence and placing Appellant on community supervision.

Punishment for aggravated assault ranges from two to twenty years' confinement and may include a fine of up to $10,000.[12] After the State improperly argued without objection that

> [t]he fine is going to be purely symbolic. It will never be paid. Some juries do it to send a message to the parole board, but it's purely symbolic. That's simply the way it goes. If someone is sentenced to the penitentiary, regardless of a fine, that never gets paid. It doesn't go to the victim, it doesn't go to some state fund. It just never gets paid[,]

the jury assessed the maximum fine, but it also assessed a term of imprisonment which was only a little more than half of the maximum term available.

## IV. Conclusion

Balancing the factors, we cannot conclude that the trial court abused its discretion by denying Appellant's motion for mistrial. We therefore are compelled to overrule Appellant's sole issue and affirm the trial court's judgment.

LEE ANN DAUPHINOT

---

[12] *See* Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009).

6

JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 15, 2010