**Johnny JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42203.**

Court of Criminal Appeals of Texas.

July 9, 1969.

Rehearing Denied Oct. 22, 1969.

Richard L. Clark, Waco, on appeal only, for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The appellant, represented by counsel, waived a jury and entered a plea of guilty before the court to the offense of burglary, and his punishment was assessed at five years.

The appellant's four grounds of error urge reversal for the reasons that his written statement does not show that the person to whom it was made gave him any warning before he made it; that the statement was not corroborated; that he was not warned that he had a right to elect to have a jury instead of the court to pass upon his application for probation; and that the evidence is insufficient to support the conviction.

The record reveals that the appellant was duly and timely arraigned, and that a trial by jury was waived in accordance with the provisions of Art. 1.13, Vernon's Ann. C.C.P. To the reading of the indictment the appellant entered a plea of guilty, and was then admonished by the court as to the nature and consequences thereof and his plea was accepted. In open court, the appellant consented in writing to the non-appearance of the state's witnesses during his trial and to the introduction of their testimony as provided by Art. 1.15, V.A. C.C.P. In addition to the introduction of this evidence, the state introduced the written statement of the appellant, without objection, which shows his commission of the offense as charged. Further, the appellant took the stand as a witness and testified that he and another broke and entered the house as alleged in the indictment with the intent to take the property therein which did not belong to them and took it without the consent of the owner. He further testified that he had plead guilty because he was guilty of the offense.

■ In light of appellant's judicial admissions while testifying as a witness on his trial that he committed the offense charged, the failure to introduce any affirmative evidence to show that the person to whom he made the written statement, which was introduced without objection, gave him any warning does not reveal error.

■ Also, the judicial admission, while testifying as a witness, that he committed the offense of burglary as charged sufficiently corroborates his written statement introduced in evidence pertaining to the burglary.

■ This Court has held that it was not necessary for the trial court to inform the appellant as to any right he had to elect to have a jury instead of the court pass upon his application for probation when admonishing him as to the consequences of his plea. Wilson v. State, 436 S.W.2d 542.

■ The proceedings in this case appear to be regular and in compliance with Articles 1.13, and 1.15, V.A.C.C.P., relating to pleas of guilty in non-capital felony cases, and the evidence in this case is sufficient to support the conviction.

The judgment is affirmed.