**Edward David MULLANE, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44330.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Rehearing Denied March 1, 1972.

Clyde W. Woody, Marian S. Rosen, Thomas E. Lucas, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Keith, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder with malice; the punishment, life.

The sufficiency of the evidence has not been challenged. The appellant testified in his own behalf. A brief part of appellant's testimony on direct examination by his retained counsel is as follows:

"I picked the gun up and slid over to the the driver's side. And when he got in the car, I still had the gun in my hand. And he took out his money and laid it on the dashboard . . . I guess he knew I wasn't going to do it until he got to pull that money out and just gigging me, and that is when I shot him.

\* \* \* \* \* \*

"Like I say, when he did get shot, I just pointed the gun and turned my head and pulled the trigger."

Then, on cross-examination, the appellant testified;

Questions by the Prosecutor:

"Q. You are Edward David Mullane, III?

"A. Yes, sir.

"Q. The 4th day of March, 1967, you did kill Thad Felton by shooting him with a gun?

"A. Yes, sir.

"Q. And that occurred in Harris County, Texas?

"A. Yes, sir.

"Q. And you killed him for the nine hundred dollars, is that correct?

"A. Yes, sir." [1]

Appellant's defense theory as explained to the jury in opening argument was that

---

1. Carew v. State, 471 S.W.2d 890 (Tex.Cr.App.1971) is a companion case.

he was paid by the deceased to help him commit suicide.

Court-appointed counsel on appeal filed an appellate brief. Appellant later retained counsel, who has filed a brief. The only ground of error urged in appointed counsel's brief is substantially the same as the first ground of error presented by retained counsel.

The first ground of error is that "The Appellant has been denied effective assistance of counsel at crucial times pre-trial, which has tainted the trial and conviction to such a degree that it requires reversal in that the State utilized indirectly a confession which was obtained after the Appellant requested counsel."

■ All material facts necessary to prove the crime were testified to by appellant at the guilt-innocence stage of trial. Where, as here, a defendant, represented by counsel, testifies in his own behalf, we will presume this act to be undertaken voluntarily and with full knowledge of his rights. See Preston v. State, 41 Tex. Cr.R. 300, 53 S.W. 127 (Tex.Cr.App.1899); 24 Tex.Jur.2d, Sec. 665, P. 271.

It is not clear what the appellant means by "the State indirectly utilized a confession". He apparently contends that the murder weapon, a pistol, was discovered as a result of an alleged legally inadmissible oral confession and argues therefore it was the "fruit of the poisonous tree".

■ The appellant in his confession made before the jury testified concerning the disposition he made of the pistol and other evidence after the murder and to the details of their recovery. The appellant's judicial confession voluntarily made before the jury would constitute a waiver of any possible error. See Cook v. State, 409 S. W.2d 857 (Tex.Cr.App.1966) and Johnson v. State, 445 S.W.2d 211 (Tex.Cr.App. 1969).

This ground of error is overruled.

■ Appellant's second ground of error is that "The trial court committed reversible error in refusing to instruct the jury as to the amount of time the appellant would have to serve if he was given a life term." No objection to the charge was made on this ground and no such instruction was requested. During the course of their deliberation the jury inquired "Please explain what the sentence life means." The trial court referred the jury to the charge already submitted. Appellant asserts fundamental error, alleging that he was denied due process of law because the jury was not instructed as to how its discretion in assessing the sentence should or could be exercised. In McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), the United States Supreme Court considered the claim "that the absence of standards to guide the jury's discretion on the punishment issue is constitutionally intolerable." The Court said:

"In light of history, experience, and the present limitations of human knowledge, we find it quite impossible to say that committing to the untrammelled discretion of the jury the power to pronounce life or death in capital cases is offensive to anything in the Constitution." 402 U.S. at 207, 91 S.Ct. at 1467.

Appellant's second ground of error is overruled.

The appellant's last ground of error is "The court committed error in refusing to allow the appellant to introduce into evidence the arrest warrant and search warrant by which evidence was obtained in violation of the fourth, fifth, sixth and fourteenth amendments to the Constitution of the United States."

■ The contention made in this ground of error that the trial court refused to allow the appellant to introduce the arrest warrant and search warrant is not supported by the record. Our examination of the record does not reveal that any such instruments were offered into evidence. The

record does not show that such instruments were even marked for identification by the court reporter. Appellant's counsel merely asked the witness, a clerk from the magistrate's office, if such instruments were in her records. If the appellant felt that the trial court was refusing to permit him to introduce the instruments he did not attempt to perfect the record by offering the instruments for a bill of exception. It is incumbent upon the appellant to have these instruments included in the record, if he expects them to be reviewed by this court. See Broussard v. State, 166 Tex.Cr.R. 224, 312 S.W.2d 664 (Tex.Cr.App.1958); Johnson v. State, 158 Tex.Cr.R. 233, 254 S.W. 2d 131 (Tex.Cr.App.1952); Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260 (Tex. Cr.App.1958); Doby v. State, 383 S.W.2d 418 (Tex.Cr.App.1964) and Satillan v. State, 470 S.W.2d 677 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion Approved by the Court.