

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00119-CR

_____


CAMERON DEON BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 38651-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

By the time Cameron Deon Brown's trial date came up on the charge of aggravated sexual assault of a child younger than six years of age, Brown and the State had agreed that Brown was to be found guilty of some form of aggravated sexual assault and that the only issue to be tried, other than his punishment, would be whether, at the time of the offense, the child victim was younger than six years of age or was between six and fourteen years of age. By agreement, Brown pled guilty to aggravated sexual assault of a child under age fourteen; the parties, also by agreement, proceeded to submit both the age issue and the punishment issue to the trial court in a single trial.

Brown appeals from an adjudication of guilt for aggravated sexual assault of a child younger than six years of age and a sentence of twenty-five years' incarceration, the minimum available punishment for that offense.[1] In a single point of error, Brown asserts that the trial court erred in telling Brown he had waived his right to remain silent and thus could be compelled to testify and in failing to admonish Brown of his right to remain silent.[2] He also seems to challenge the lack of bifurcation of the proceeding. Because (1) there was no admonishment error and (2) Brown agreed to the grouping of issues at trial, we affirm the trial court's judgment and sentence.

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(f)(1) (Vernon Supp. 2010).

[2]Arguably, Brown has presented two arguments in a single point of error, a multifarious complaint. A point of error is multifarious if it embraces more than one specific ground of error. *Mays v. State*, 318 S.W.3d 368 (Tex. Crim. App. 2010). Nevertheless, in the interest of justice we will address Brown's complaints. *See Bell v. Tex. Dep't of Criminal Justice-Inst. Div*., 962 S.W.2d 156, 157 n.1 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

In the indictment, the State alleged that Brown penetrated the victim's sexual organ with his finger.[3]   Both parties explicitly agreed the trial court would, in one proceeding, hear evidence regarding whether the victim was under the age of six at the time of the offense, or older than six but younger than fourteen.[4]   After hearing the evidence, the trial court found the State proved beyond a reasonable doubt the child victim was under the age of six at the time of the offense.

*(1)    There Was No Admonishment Error*

Brown complains of the trial court's statement to Brown that, "by pleading guilty, you waive the rights you have under the United States and Texas Constitutions not to testify or offer evidence against yourself.  Because by entering your plea of guilty, signing the Stipulation of Evidence, and answering the questions that are asked of you, you waive that right."   Brown told the trial court he understood this waiver.  The trial court's admonishments were correct.  If Brown chose to testify in his defense, he would waive his privilege against self-incrimination. *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974) ("It is well established that when an accused voluntarily takes the stand he waives his privilege against self-incrimination at the hearing at which he takes the stand.").   Brown's assertion in his brief on appeal that the trial court "compelled" Brown to testify is not supported by the record.   All parties were in agreement as to the parameters of the hearing:   Brown was entering an open plea of guilty to sexual assault of a

---

[3]A second count, alleging contact of the child's sexual organ with Brown's sexual organ, was abandoned by the State.

[4]If the child victim were older than six but younger than fourteen, Brown's range of punishment would have been not less than five years, and not more than ninety-nine years or life; if under six, the minimum punishment was twenty-five years.   *Cf.* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii) (Vernon Supp. 2010), § 22.021(f)(1).

3

child. He did not agree the child was less than six years old at the time of Brown's assault, and the parties explicitly agreed this factual determination would be submitted to the trial court along with evidence to determine Brown's punishment. When a defendant, represented by counsel, takes the stand to testify in his or her own defense, that act is understood to have been undertaken voluntarily and with full knowledge of his or her rights. *Mullane v. State*, 475 S.W.2d 924, 926 (Tex. Crim. App. 1971).[5] Where a defendant pleads guilty before a jury, there is no requirement the defendant be informed of his or her right against self-incrimination. *Williams v. State*, 674 S.W.2d 315, 320 (Tex. Crim. App. 1984). Brown has offered no authority or reason why such a requirement should be imposed in a plea of guilty to the trial court. There is nothing in the record to support Brown's assertion the trial court compelled Brown to testify.[6] The record demonstrates that Brown was called to the stand by his attorney and that he voluntarily entered his plea to the charge of aggravated sexual assault of a child under fourteen, waived his right to a jury trial, and understood the range of punishment both for the charge to which he pled as well as the charge for which he was indicted. The record is further clear that Brown understood that, while

---

[5]Here, the trial court made an explicit finding that Brown entered his open plea of guilty freely and voluntarily and that Brown was competent.

[6]Brown cites *Carroll v. State*, 42 S.W.3d 129 (Tex. Crim. App. 2001), and *Mitchell v. United States*, 526 U.S. 314 (1999), in support of his argument that he was compelled to testify. We find these cases distinguishable. In *Carroll*, the defendant pled guilty; almost three months later, the parties appeared for sentencing. When Carroll's attorney was reluctant to "tender" the defendant for questioning, the trial court told counsel, "[I]t's going to reflect very seriously on the Court's decisions here." *Carroll v. State*, 68 S.W.3d 250, 252 (Tex. App.—Fort Worth 2002, no pet.). Mitchell was told by the trial court that the court "held it against" her that she did not "come forward and explain [her] side" of the case. *Mitchell*, 526 U.S. at 319. Those cases are distinguishable from Brown's situation, where he voluntarily testified.

4

he was pleading guilty to aggravated sexual assault of a child under fourteen, the State intended to introduce evidence the child was younger than six years of age and that the trial court would make a decision on this fact. We overrule Brown's point of error.

*(2)     Brown Agreed to the Grouping of Issues at Trial*

Brown also, in passing, appears to complain of the lack of bifurcation of the proceeding.[7] Brown states that, although he pled guilty, he did not plead guilty to the crime charged in the indictment, and for which he was ultimately convicted. Thus, because the hearing before the trial court addressed punishment and a resolution of the fact issue of whether the child victim was under the age of six at the time of the offense, Brown claims this proceeding was not a true "unitary" proceeding as usually occurs when a defendant pleads guilty and the only issue is punishment. *See generally* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (Vernon Supp. 2010); *Thom v. State*, 563 S.W.2d 618, 619 (Tex. Crim. App. 1978). As we have pointed out, Brown agreed to have the trial court take up this matter in the unusual manner which occurred. Brown agreed in essence to plead guilty to a lesser-included offense—aggravated sexual assault of a child less than fourteen years of age—with the understanding the trial court would hear evidence both on the State's allegation the child victim was under six, as alleged in the indictment, in the same hearing as the

---

[7]This issue is not relevant to Brown's sole point of error regarding his waiver of his right against self-incrimination; to the extent he introduces this topic, he raises a multifarious point. We could decline to address this point. Also, as Brown has not fully briefed this matter or explained how, in the particular circumstances of this case, he did not waive any such claim. *See* TEX. R. APP. P. 38.1(h) (appellant's brief "must contain . . . appropriate citations . . . to the record"); TEX. R. APP. P. 33.1 (preservation of error). Nonetheless, in the interest of justice, we address this complaint.

court considered evidence relevant to punishment.   Not only did Brown make no objection to this procedure, he joined in urging its implementation.   To the extent Brown argues the trial court did not conduct a bifurcated trial, we overrule this complaint.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 17, 2011
Date Decided:       February 25, 2011

Do Not Publish