In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00119-CR

                                                ______________________________

 

 

                                 CAMERON DEON BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38651-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            By the time
Cameron Deon Brown’s trial date came up on the charge of aggravated sexual
assault of a child younger than six years of age, Brown and the State had
agreed that Brown was to be found guilty of some form of aggravated sexual
assault and that the only issue to be tried, other than his punishment, would
be whether, at the time of the offense, the child victim was younger than six
years of age or was between six and fourteen years of age.  By agreement, Brown pled guilty to aggravated
sexual assault of a child under age fourteen; the parties, also by agreement,
proceeded to submit both the age issue and the punishment issue to the trial
court in a single trial.

            Brown
appeals from an adjudication of guilt for aggravated sexual assault of a child
younger than six years of age and a sentence of twenty-five years’
incarceration, the minimum available punishment for that offense.[1]  In a single point of error, Brown asserts
that the trial court erred in telling Brown he had waived his right to remain
silent and thus could be compelled to testify and in failing to admonish Brown
of his right to remain silent.[2]  He also seems to challenge the lack of
bifurcation of the proceeding.  Because
(1) there was no admonishment error and (2) Brown agreed to the grouping
of issues at trial, we affirm the trial court’s judgment and sentence.

            In
the indictment, the State alleged that Brown penetrated the victim’s sexual
organ with his finger.[3]  Both parties explicitly agreed the trial
court would, in one proceeding, hear evidence regarding whether the victim was
under the age of six at the time of the offense, or older than six but younger
than fourteen.[4]  After hearing the evidence, the trial court
found the State proved beyond a reasonable doubt the child victim was under the
age of six at the time of the offense.

(1)        There Was No Admonishment Error

            Brown
complains of the trial court’s statement to Brown that, “by pleading guilty,
you waive the rights you have under the United States and Texas Constitutions
not to testify or offer evidence against yourself.  Because by entering your plea of guilty,
signing the Stipulation of Evidence, and answering the questions that are asked
of you, you waive that right.”  Brown
told the trial court he understood this waiver. 
The trial court’s admonishments were correct.  If Brown chose to testify in his defense, he
would waive his privilege against self-incrimination.  Hernandez
v. State, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974) (“It is well
established that when an accused voluntarily takes the stand he waives his
privilege against self-incrimination at the hearing at which he takes the stand.”).  Brown’s assertion in his brief on appeal that
the trial court “compelled” Brown to testify is not supported by the
record.  All parties were in agreement as
to the parameters of the hearing:  Brown
was entering an open plea of guilty to sexual assault of a child.  He did not agree the child was less than six
years old at the time of Brown’s assault, and the parties explicitly agreed
this factual determination would be submitted to the trial court along with
evidence to determine Brown’s punishment. 
When a defendant, represented by counsel, takes the stand to testify in
his or her own defense, that act is understood to have been undertaken
voluntarily and with full knowledge of his or her rights.  Mullane
v. State, 475 S.W.2d 924, 926 (Tex. Crim. App. 1971).[5]  Where a defendant pleads guilty before a
jury, there is no requirement the defendant be informed of his or her right
against self-incrimination.  Williams v. State, 674 S.W.2d 315, 320
(Tex. Crim. App. 1984).  Brown has
offered no authority or reason why such a requirement should be imposed in a
plea of guilty to the trial court.  There
is nothing in the record to support Brown’s assertion the trial court compelled
Brown to testify.[6]  The record demonstrates that Brown was called
to the stand by his attorney and that he voluntarily entered his plea to the
charge of aggravated sexual assault of a child under fourteen, waived his right
to a jury trial, and understood the range of punishment both for the charge to
which he pled as well as the charge for which he was indicted.  The record is further clear that Brown
understood that, while he was pleading guilty to aggravated sexual assault of a
child under fourteen, the State intended to introduce evidence the child was
younger than six years of age and that the trial court would make a decision on
this fact.  We overrule Brown’s point of
error.

(2)        Brown Agreed to the Grouping of Issues
at Trial

            Brown
also, in passing, appears to complain of the lack of bifurcation of the
proceeding.[7]  Brown states that, although he pled guilty,
he did not plead guilty to the crime charged in the indictment, and for which
he was ultimately convicted.  Thus,
because the hearing before the trial court addressed punishment and a
resolution of the fact issue of whether the child victim was under the age of
six at the time of the offense, Brown claims this proceeding was not a true “unitary”
proceeding as usually occurs when a defendant pleads guilty and the only issue
is punishment.  See generally Tex. Code
Crim. Proc. Ann. art. 37.07, § 2(a) (Vernon Supp. 2010); Thom v. State, 563 S.W.2d 618, 619 (Tex.
Crim. App. 1978).  As we have pointed
out, Brown agreed to have the trial court take up this matter in the unusual
manner which occurred.  Brown agreed in
essence to plead guilty to a lesser-included offense––aggravated sexual assault
of a child less than fourteen years of age––with the understanding the trial
court would hear evidence both on the State’s allegation the child victim was
under six, as alleged in the indictment, in the same hearing as the court
considered evidence relevant to punishment. 
Not only did Brown make no objection to this procedure, he joined in
urging its implementation.  To the extent
Brown argues the trial court did not conduct a bifurcated trial, we overrule
this complaint.

            We
affirm the judgment of the trial court.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
17, 2011       

Date Decided:             February
25, 2011

 

Do Not Publish

 

 

 











[1]See Tex.
Penal Code Ann. § 22.021(f)(1) (Vernon Supp. 2010).

 





[2]Arguably,
Brown has presented two arguments in a single point of error, a multifarious
complaint.  A point of error is
multifarious if it embraces more than one specific ground of error.  Mays v.
State, 318 S.W.3d 368 (Tex. Crim. App. 2010).  Nevertheless, in the interest of justice we
will address Brown’s complaints.  See Bell
v. Tex. Dep’t of Criminal Justice-Inst. Div., 962 S.W.2d 156, 157 n.1 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied).





[3]A
second count, alleging contact of the child’s sexual organ with Brown’s sexual
organ, was abandoned by the State.

 





[4]If
the child victim were older than six but younger than fourteen, Brown’s range
of punishment would have been not less than five years, and not more than
ninety-nine years or life; if under six, the minimum punishment was twenty-five
years.  Cf. Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(ii) (Vernon Supp. 2010), § 22.021(f)(1).





[5]Here,
the trial court made an explicit finding that Brown entered his open plea of
guilty freely and voluntarily and that Brown was competent.  

 





[6]Brown
cites Carroll v. State, 42 S.W.3d 129
(Tex. Crim. App. 2001), and Mitchell v.
United States, 526 U.S. 314 (1999), in support of his argument that he was
compelled to testify.  We find these
cases distinguishable.  In Carroll, the defendant pled guilty;
almost three months later, the parties appeared for sentencing.  When Carroll’s attorney was reluctant to “tender”
the defendant for questioning, the trial court told counsel, “[I]t’s going to
reflect very seriously on the Court’s decisions here.”  Carroll
v. State, 68 S.W.3d 250, 252 (Tex. App.—Fort Worth 2002, no pet.).  Mitchell was told by the trial court that the
court “held it against” her that she did not “come forward and explain [her]
side” of the case.  Mitchell, 526 U.S. at 319. 
Those cases are distinguishable from Brown’s situation, where he
voluntarily testified.

 





[7]This
issue is not relevant to Brown’s sole point of error regarding his waiver of
his right against self-incrimination; to the extent he introduces this topic,
he raises a multifarious point.  We could
decline to address this point.  Also, as
Brown has not fully briefed this matter or explained how, in the particular
circumstances of this case, he did not waive any such claim.  See
Tex. R. App. P. 38.1(h)
(appellant’s brief “must contain . . . appropriate citations . . . to the
record”); Tex. R. App. P. 33.1 (preservation of error).  Nonetheless, in the interest of justice, we
address this complaint.