

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00013-CR

———————————————————

TAJ L. LOVE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1496684D

Before Gabriel, Kerr, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Taj L. Love appeals his conviction for aggravated assault with a deadly weapon, a knife.[1] In one issue, Love argues that he was deprived of several of his constitutional and statutory rights because neither the trial court, nor the prosecutor, nor his own counsel informed him that he had the right to not testify at the punishment hearing in this case; thus, Love argues, he never knowingly, intelligently, and voluntarily waived his right to not testify. Because the Texas Court of Criminal Appeals and this court have routinely rejected the very arguments that Love presents on appeal, we will affirm the trial court's judgment.

### II. BACKGROUND

Because the facts of this case are not vital to the resolution of Love's issue, we will only address them briefly. On May 2, 2017, Love and the complainant in this case began to argue over a necklace while attending Brewer High School. The argument escalated, and Love stabbed the complainant in the neck with a knife. Later, a grand jury indicted Love for aggravated assault with a deadly weapon.

Love entered a plea of guilty without the benefit of a sentencing agreement with the State; the trial court ordered the preparation of a presentencing investigation report (PSI); and, after receiving the PSI, the trial court held a punishment hearing.

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(2).

At the hearing, Love's attorney called Love to testify in his own defense. Love neither objected to nor protested his being called to testify. Ultimately, the trial court assessed punishment at twelve years' confinement and rendered judgment accordingly. The trial court certified that Love had the right to appeal his conviction, and this appeal followed.

## III. DISCUSSION

In one issue, Love argues that neither the trial court, nor the prosecutor, nor his own attorney adequately advised him of his constitutional and statutory rights to not testify at the punishment hearing.[2] The State counters that both this court and the Texas Court of Criminal Appeals have routinely rejected the arguments that Love makes. We agree with the State.

The Texas Court of Criminal Appeals has held that a trial court "has no duty to inform a testifying defendant, represented by counsel, of his right not to testify." *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005); *see Hernandez v. State*, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974) ("We find no error in the trial court's refusal to admonish appellant as to his privilege against self-incrimination."); *see also Powers v. United States*, 223 U.S. 303, 313, 32 S. Ct. 281, 283 (1912) ("We are of the

---

[2]In his brief, Love cites to both the federal and state constitutions as well as several statutes and rules addressing the right not to testify at trial. *See* U.S. Const. amend. V; Tex. Const. art. I, §§ 10, 19; Tex. Code Crim. Proc. Ann. arts. 1.04–.05; Tex. Disciplinary Rules Prof'l Conduct R. 1.02(a)(3), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A.

opinion that it was not essential to the admissibility of [a defendant's] testimony that he should first have been warned that what he said might be used against him."). Instead, when a defendant who is represented by counsel testifies in his own behalf, this court "will presume this act to be undertaken voluntarily and with full knowledge of his rights." *Mullane v. State*, 475 S.W.2d 924, 926 (Tex. Crim. App. 1971); *see Lantrip v. State*, 336 S.W.3d 343, 350 (Tex. App.—Texarkana 2011, no pet.) (applying the rule from *Mullane*). This court has routinely followed this precedent. *See Delgado v. State*, 849 S.W.2d 904, 905 (Tex. App.—Fort Worth 1993, pet. ref'd) (rejecting appellant's complaint that the trial court "fundamentally erred by failing to inform [him], immediately before he testified, of his right to remain silent"); *see also Thompson v. State*, No. 02-04-00256-CR, 2005 WL 375485, at *2 (Tex. App.—Fort Worth Feb. 17, 2005, pet. ref'd) (mem. op., not designated for publication) (citing *Mullane* and holding that a defendant testified voluntarily and that the trial court did not violate the defendant's constitutional rights by not admonishing him of his right to not testify when the defendant's attorney called him to testify and the defendant did so without objection or protest).

Here, at the punishment hearing, Love's counsel called him to testify, and Love did so without objection or protest. Thus, given the settled precedent by the Texas Court of Criminal Appeals and this court, we reject Love's argument that the trial court violated any of his constitutional or statutory rights by not admonishing him

4

about his right to not testify. *See Mullane*, 475 S.W.2d at 926; *Delgado*, 849 S.W.2d at 906.

Love also argues that the prosecutor had a duty to admonish him about his right to not testify. This court has also held that when a defendant is represented by counsel and goes to the stand to testify, we presume that the defendant has the knowledge of his right to not testify and that the prosecutor has no duty to admonish the defendant. *See Smith v. State*, No. 02-15-00453-CR, 2017 WL 1018589, at *2, (Tex. App.—Fort Worth Mar. 16, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that the record did not establish that appellant's constitutional or statutory rights were violated even though neither trial court nor State informed him of his right to not testify). As we did in *Smith*, we decline Love's invitation to create a duty upon the State to advise a defendant of his right to not testify. *Id.*

Love further argues that his right to not testify was violated by his own counsel's failure to admonish him. Even though the authority cited above does not directly address this issue, it is apparent that in many of these cases the courts' presumption regarding a defendant's knowledge of the right to not testify also applies toward his own counsel—we presume that the defendant has the knowledge of his right to not testify. *Hernandez*, 506 S.W.2d at 886; *Smith*, 2017 WL 1018589, at *2. We see no reason to not apply the presumption in regard to a defendant's own counsel, and that holding is consistent with prior precedent. *See Mullane*, 475 S.W.2d at 926.

We hold that the record in this case does not establish a violation of Love's constitutional or statutory rights based on the trial court's, the State's, or his own counsel's alleged failure to inform him of his right to not testify. *See id.* ("Where, as here, a defendant, represented by counsel, testifies in his own behalf, we will presume this act to be undertaken voluntarily and with full knowledge of his rights."); *see also Smith*, 2017 WL 1018589, at *2 (overruling appellant's argument that the trial court, the prosecutor, and his own counsel failed to adequately inform him of his right to not testify because his own counsel called him to testify without objection or protest). We overrule Love's sole issue.

## IV. CONCLUSION

Having overruled Love's sole issue on appeal, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 24, 2019