

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00382-CR

THOMAS LEE WHITTENBURG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 73710-E, Honorable Douglas R. Woodburn, Presiding

March 18, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Thomas Lee Whittenburg appeals from the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the second-degree felony offense of possession of a controlled substance,[1] and sentencing him to fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.  By a single issue, appellant contends the trial court erred by failing to

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017).

admonish him of his Fifth Amendment right against self-incrimination at the "punishment phase" of his motion to proceed hearing. Finding no error, we affirm.

## Background

In May of 2017, appellant pled guilty to the felony offense of possession of a controlled substance. Pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt and placed him on eight years' community supervision. As part of his community supervision, appellant was required to complete one-hundred-fifty hours of community service, pay a $500.00 fine, and complete a substance abuse treatment program.

In February of 2018, appellant's conditions of community supervision were amended to include a drug and alcohol evaluation and GPS monitoring.

In June of 2018, the State filed a motion to adjudicate the guilt of appellant. It filed its first amended motion to adjudicate on September 26. In its amended motion, the State alleged that appellant had violated numerous terms and conditions of his community supervision.

At a hearing on the State's amended motion, appellant appeared with counsel and entered a plea of true to violating sixteen of the terms and conditions of his community supervision. The State called appellant's probation officer as their only witness. After the State rested, appellant testified. The trial court sentenced appellant to fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely appealed the resulting judgment. By his appeal, appellant contends that

2

the trial court erred by failing to admonish him of his Fifth Amendment right against self-incrimination.

## Law and Analysis

An accused is vested with a constitutional privilege against self-incrimination and may not be compelled to testify at trial and give evidence against himself. U.S. CONST. amend. V; TEX. CONST. art. I, § 10. However, this constitutional right may be waived if done knowingly, voluntarily, and intelligently. *Bryan v. State*, 837 S.W.2d 637, 643 (Tex. Crim. App. 1992) (en banc). When an accused voluntarily takes the witness stand, he waives his privilege against self-incrimination at that hearing. *Hernandez v. State,* 506 S.W.2d 884, 886 (Tex. Crim. App. 1974); *Lucero v. State*, 91 S.W.3d 814, 817 (Tex. App.—Amarillo 2002, no pet.) (by voluntarily testifying on his own behalf, the accused was not being compelled to incriminate himself). When a defendant is represented by counsel and testifies on his own behalf, it is presumed that the act of testifying was undertaken voluntarily and with full knowledge of the rights which are being waived. *Mullane v. State*, 475 S.W.2d 924, 926 (Tex. Crim. App. 1971).

In his sole issue, appellant contends that the trial court erred by failing to admonish him of his Fifth Amendment right not to testify. Appellant asserts he was not aware he could have refused to take the stand at the "punishment portion" of the hearing, therefore, he did not intelligently, knowingly, or voluntarily waive his right against self-incrimination. The State argues that there is no error because the trial court has no duty to admonish the defendant under these circumstances. We agree with the State.

3

The Court of Criminal Appeals has held that a trial court "has no duty to inform a testifying defendant, represented by counsel, of his right not to testify." *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005), *cert. denied*, 546 U.S. 1181, 126 S. Ct. 1355, 164 L. Ed. 2d 66 (2006); *Hernandez*, 506 S.W.2d at 886 ("We find no error in the trial court's refusal to admonish appellant as to his privilege against self-incrimination."). Instead, when a defendant who is represented by counsel testifies in his own behalf, "we will presume this act to be undertaken voluntarily and with full knowledge of his rights." *Mullane*, 475 S.W.2d at 926.

Here, appellant pleaded true to sixteen violations alleged in the motion to adjudicate guilt.[2] The record reflects that appellant's counsel called appellant to testify, and appellant did so without objection or protest. In light of well-settled precedent cited above, we reject appellant's claim of error. *Love v. State*, No. 02-19-00013-CR, 2019 Tex. App. LEXIS 9379, at *3-4, (Tex. App.—Fort Worth Oct. 24, 2019 no pet.) (mem. op., not designated for publication). Accordingly, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

---

[2] A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt. *Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).