**John Henry NEWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43352.**

Court of Criminal Appeals of Texas.

Dec. 31, 1970.

Phillip Sanders, Austin, for appellant.

Bob Smith, Dist. Atty., and Lawrence Wells, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed at life.

Appellant waived a trial by jury, and after being duly admonished, entered a plea of guilty before the court.

It is contended that the evidence is insufficient to support the conviction. The complaining witness, Nancy Ann Stevens, testified that when someone knocked and identified himself as the paperboy, she opened the door to her apartment. He then entered at gun point and forced her to give him the money that she had. While he was there he handled the jewelry box. She could not positively identify appellant as the robber.

Fingerprints were taken from the jewelry box in her apartment which were shown to be identical to known prints of appellant.

Appellant testified that after discussing the case at some length with his attorneys, Mr. Minton and Mr. Holt, it was his decision to enter a plea of guilty because he was guilty. He further testified that he

heard the testimony of Nancy Ann Stevens who had just testified and that her testimony was true and that he was guilty.

The evidence is sufficient to support the conviction.

■ Appellant next complains that the trial court did not warn him of his right to remain silent before he testified. The record shows that appellant had entered a plea of guilty and the evidence was sufficient without his testimony. He had able counsel at the trial, and he does not contend that he was not advised of such right by counsel.[1] The trial court was under no duty under the facts of this case to inform the appellant that he did not have to testify.

Complaint is made that the punishment of life is cruel and unusual.

■ The punishment assessed was within the limits prescribed by the Legislature in Article 1408, Vernon's Ann.P.C., and is not cruel and unusual. Burton v. State, Tex.Cr.App., 442 S.W.2d 354; Ellison v. State, Tex.Cr.App., 419 S.W.2d 849, and Blassingale v. State, Tex.Cr.App., 408 S.W.2d 115.

■ Lastly, it is contended that a variance exists in the allegation in the indictment that refers to the complaining witness as "him" and the proof that shows the complaining witness to be a female. The name Nancy Ann Stevens appears in the indictment some seven times.[2]

There is no showing that appellant was misled by the allegations or proof in any way. No material variance or injury is shown.

There being no reversible error, the judgment is affirmed.

1. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, and Glenn v. State, Tex.Cr.App., 442 S.W.2d 360, pertaining to waiver of rights when a plea of guilty has been entered.

2. Article 19, V.A.P.C., provides, in part:
"* * * and the pronouns 'he' and

'they' as referring to these terms include females as well as males, unless there is some express declaration to the contrary."
Article 20, V.A.P.C., provides, in part:
"* * * the pronouns 'he' or 'they' in reference thereto, includes both males and females. * * *"