**Richard L. WHYTUS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 05–81–00016–CR.**

Court of Appeals of Texas, Dallas.

Oct. 20, 1981.

Rehearing Denied Nov. 30, 1981.

Paul Banner, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Jerry Spencer Davis, Asst. Dist. Atty., Greenville, for appellee.

Before AKIN, STOREY and VANCE, JJ.

AKIN, Justice.

Defendant appeals from his conviction for aggravated kidnapping. At the time of the alleged offense, the examining trial, and the trial on the merits, defendant was 15 years old. Defendant repeatedly objected at the examining trial and at trial on the merits that the district court lacked juris-

diction over him because he was a juvenile. Each of appellant's objections was overruled by the trial court and appellant appeals asserting this ground as well as others. We reverse because the state failed to show that the juvenile court waived jurisdiction over the minor, thus giving the district court jurisdiction to try him as an adult.

The Texas Penal Code provides that a person over the age of 15 and under the age of 17 may not be prosecuted or convicted for any offense, unless the juvenile court waives jurisdiction and certifies him for criminal prosecution. Tex.Penal Code Ann. § 8.07(a)–(c) (Vernon Supp. 1980–81). *See Bannister v. State*, 552 S.W.2d 124 (Tex.Cr. App.1977) (Criminal District Court has no jurisdiction to try 15 year old). Waiver of juvenile jurisdiction and certification is governed by Tex.Fam.Code Ann. § 54.02 (Vernon 1975 & Supp. 1980–81). The district court obtains jurisdiction over the juvenile only if the juvenile court waives jurisdiction, properly certifies its action, and transfers the child in accordance with the provisions of section 54.02(h) of the Tex. Fam.Code Ann. (Vernon 1975). This waiver of jurisdiction and transfer are essential to the acquisition of jurisdiction over the juvenile by the district court. *Ex parte Trahan*, 591 S.W.2d 837, 841 (Tex.Cr.App.1979) (*en banc*). Without a valid transfer, the district court has no authority to conduct an examining trial. *Watson v. State*, 587 S.W.2d 161, 162 (Tex.Cr.App.1979) (*en banc*). This is implied by the language of section 54.02(h) ("examining trial shall be conducted by the court to which the case was transferred...") and it is the policy of the Legislature, Tex.Penal Code Ann. § 8.07(b) (Vernon Supp. 1980–81) and Tex. Fam.Code Ann. § 54.02(h) (Vernon 1975), that a child shall not be subjected to adult criminal proceedings unless and until he is transferred by the juvenile court. *Watson v. State*, 587 S.W.2d at 162.

Because appellant was only 15 years old at the time of the examining trial, the district court had jurisdiction only if there was a valid waiver of juvenile jurisdiction from the juvenile court. Although the State quotes extensively from a certification order in its brief, the transcript does not contain a certification order nor does the statement of facts indicate that the court had a certification order before it. Since waiver by the juvenile court is jurisdictional, we hold that the State had the burden to show that a valid order of waiver was rendered by the juvenile judge, when it is established that the defendant is a minor. This the State failed to do.

On appeal the record is required to include copies of all material pleadings and orders of the court. Tex.Code Crim.Pro. Ann. art 40.09(1) (Vernon 1975). In juvenile transfers there is no presumption of regularity in the proceedings; therefore, the existence of a valid certification order cannot be presumed. *White v. State*, 576 S.W.2d 843, 845 (Tex.Cr.App.1979) (*en banc*).

Since a district court has jurisdiction to conduct an examining trial only when a valid certification is before it, when the issue of jurisdiction is raised, the record must affirmatively show that the juvenile was certified as an adult. *See Ellis v. State*, 543 S.W.2d 135 (Tex.Cr.App.1976). Consequently, the trial court had no jurisdiction to conduct the examining trial or any other proceeding in so far as this record shows.

Reversed and remanded.