Carl R. COLE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–82–00894–CR, 05–82–00895–CR.

Court of Appeals of Texas, Dallas.

Jan. 13, 1984.

S. Michael McColloch, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., for appellee.

Before STOREY, VANCE and SHUMPERT, JJ.

STOREY, Justice.

This is an appeal from convictions of attempted capital murder and aggravated robbery. Appellant contends that the trial court lacked jurisdiction to try appellant as an adult without an examining trial or valid waiver of examining trial and that appellant's plea of guilty was not knowingly and

intelligently made. We disagree with both grounds of error and affirm.

■ Appellant was fifteen years old at the time of the offenses. The juvenile court waived jurisdiction of the case and certified appellant for trial as an adult. Accordingly, the case was transferred to the 282nd District Court. Appellant contends that the 282nd District Court (the "trial court") lacked jurisdiction to try appellant as an adult because no valid transfer order was entered and because the trial court did not conduct an examining trial pursuant to TEX.FAM.CODE ANN. § 54.-02(h) (Vernon 1975) or obtain a valid waiver of examining trial pursuant to TEX.FAM. CODE ANN. § 51.09(a) (Vernon Supp. 1982–1983). *See Whytus v. State*, 624 S.W.2d 290, 291 (Tex.App.—Dallas 1981, no pet.); *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr.App.1977). The record does not support this contention. At the beginning of trial, the State introduced State's Exhibit A which consisted of the juvenile court's records of the case. These records contain a valid transfer order dated March 17, 1982, and a waiver of examining trial dated April 15, 1982, which satisfies the requirements of §§ 51.09(a) and 54.02(h).

■ Appellant next contends that the trial court erred in accepting appellant's plea of guilty because it was not knowingly and intelligently made. Specifically, appellant argues that under *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), it was error not to inform him of his right against self-incrimination, his right to a trial by jury, and his right to confront his accusers. We hold that the record before us demonstrates that appellant was aware of each of these rights and thus his plea was knowingly and intelligently made.

■ Although *Boykin* strongly suggests that a defendant be expressly advised of these rights, such advisements are not required. *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir.1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976). However, *Boykin* does require

that there be some evidence in the record which shows that the defendant knew of these rights. *See, e.g., United States v. Webb*, 433 F.2d 400, 403 (1st Cir.1970), *cert. denied*, 401 U.S. 958, 91 S.Ct. 986, 28 L.Ed.2d 242 (1971) (court inferred waiver of privilege against self incrimination from discussion of guilty plea with counsel).

In *Boykin*, there was no evidence that the defendant waived these rights. The court said, "We cannot presume a waiver of these three important federal rights from a silent record." *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. In our case, however, the record is not silent. Although appellant pleaded guilty to both charges, the record shows that the State presented its entire case before the jury and that appellant had the opportunity to cross-examine each of the State's witnesses. Thus appellant was aware of his right to a trial by jury and his right to confront his accusers.

The record also demonstrates that appellant knowingly elected to waive his right to remain silent. He acknowledged that he pleaded guilty because he was guilty. It is apparent that his trial strategy was to take the stand for the purpose of testifying to facts which the jury would consider in mitigation of punishment. Appellant testified that he knew the complainant to be an Iranian, and that he, the appellant, had closely followed the recently ended Iranian hostage crisis through many hours of television programming. He testified that he was motivated to the offense by his knowledge of the complainant's nationality together with his concern over the hostage crisis.

■ The record reveals further that appellant was competently advised by trial counsel over a period of several months before trial, commencing with the waiver of the examining trial. Appellant acknowledged that the decision to plead guilty was as much his as it was trial counsel's. This decision came after discussion regarding possible defenses. Indeed, appellant makes no assertion that trial counsel was ineffective or that he was not advised by

counsel of his right to remain silent. Under the facts of this case, the trial court was under no duty to inform appellant that he did not have to testify. *Newell v. State,* 461 S.W.2d 403, 404 (Tex.Cr.App.1970); *United States v. Webb,* 433 F.2d at 403; *c.f. State v. Chervenell,* 99 Wash.2d 309, 662 P.2d 836 (1983).

Affirmed.