**Bruce Wayne STEPP, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–84–497CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1985.

Vincent B. Tarleton, Houston, for appellant.

Winston Cochran, Jr., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a felony theft conviction based upon a guilty plea. Appellant was sentenced by the court for the maximum term of 10 years in the Texas Department of Corrections. The five grounds of error raise two major contentions: (1) that appellant was compelled to testify against himself after receiving inadequate warnings as to his right to avoid self-incrimination and (2) that appellant received ineffective assistance of counsel. Finding all appellant's arguments without merit, we affirm.

Appellant signed in open court a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The document contains the statement "I waive ... my right against self-incrimination." It also stated "I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him."

Nevertheless, the appellant contends in grounds of error one and four that his constitutional rights were violated because neither the waiver nor the trial judge explained to him (1) the fact that if he took the stand after pleading guilty, his testimony could be used in a subsequent perjury conviction and (2) the difference between an accused's right to refuse to take the stand compared to a witness's right not to answer particular incriminating questions.

■ Appellant's only authorities for his contention are federal criminal cases in which the court failed to follow the dictates of Federal Rule 11. Fed.R.Crim.P. 11. Texas courts are not bound to follow Federal Rule 11. *Joseph v. State*, 614 S.W.2d 164, 165 (Tex.Crim.App.1981).

■ The Court of Criminal Appeals has recently held that there is no requirement that a defendant be informed of his right against self-incrimination at a trial before a jury on a plea of guilty. *Williams v. State*, 674 S.W.2d 315, 320 (Tex.Crim.App. 1984) (en banc). We hold that the same is true when a defendant makes his plea before a judge.

■ Even if the proposed warnings had been required, the appellant gives no explanation of how he was harmed. The only testimony he gave at the guilt/innocence stage was to the effect that he had read the confession and signed it voluntarily after discussing it with his attorney. The first and fourth grounds of error are overruled.

After finding appellant guilty the judge postponed sentencing so that the pre-sentencing report requested by appellant could be completed. Appellant fled and was not sentenced until some five years later, after he had been arrested at a road block in West Texas. A pre-sentence investigation was belatedly completed and a punishment hearing held.

In his third ground of error appellant complains that "the sentencing court erred in compelling the appellant to testify and in accepting and enlarging his compelled testimony during the trial." Appellant does not pinpoint where in the statement of facts the error is found. At the sentencing hear-

ing the prosecution offered into evidence the pre-sentencing report and rested. The report was received into evidence without objection. The defense offered no evidence. Before announcing the sentence the judge asked appellant, who was not sworn, "How did you happen to be arrested, Sir?" Appellant answered. The court then asked what alias he was using at the time of arrest and what other names he had used. The appellant listed a total of six aliases.

The state concedes that it would have been better procedure for the judge to announce his sentence and then ask the defendant whatever questions were necessary to clarify the record. However, we hold that no error was preserved because the defense counsel made no objection to the questioning by the judge. Also, it is clear beyond a reasonable doubt that the appellant was not harmed by the timing of the questions. The imposition of the maximum sentence was clearly justified from the information contained in the report and from the fact that the appellant fled before the originally scheduled sentencing hearing could be held. Ground of error three is overruled.

In his second and fifth grounds of error appellant claims that he was denied effective assistance of counsel at both the trial on guilt/innocence and on punishment. These grounds are also overruled. Appellant does not demonstrate in what particulars his counsel failed to protect his rights. There is absolutely no indication that but for counsel's unprofessional errors, the outcome of the trial would have been different. *See Strickland v. Washington,* — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The conviction is affirmed.