Angel Fierro **DELGADO**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–91–445–CR.

Court of Appeals of Texas, Fort Worth.

March 17, 1993.

Discretionary Review Refused June 9, 1993.

David Chapman, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, and Mark E. Stephens, Assts., Fort Worth, for appellee.

Before LATTIMORE and DAY, JJ., and CLYDE R. ASHWORTH, J. (Retired), Sitting by Assignment.

## OPINION

DAY, Justice.

Angel Fierro Delgado appeals his conviction of aggravated sexual assault with a deadly weapon, enhanced by two prior felony convictions. Tex.Penal Code Ann. § 22.021(a)(1)(A)(i) & (2)(A)(iv) (Vernon 1989). We affirm.

Delgado was indicted as a habitual offender in a two-paragraph indictment charging him with aggravated sexual assault. He pled guilty before the court to the allegations in the second paragraph of the indictment and admitted the truth of the enhancement allegations. The court assessed punishment at 75 years confinement.

In support of Delgado's guilty plea, the State offered Delgado's testimony, the complainant's testimony, and the testimony of an investigating officer. Delgado testified that he committed the aggravated sexual assault on the complainant as alleged in the second paragraph of the indictment. Delgado contends the remaining evidence offered by the State was insufficient to sustain his conviction.

In his sole point of error, Delgado complains the trial court fundamentally erred by failing to inform Delgado, immediately before he testified, of his right to remain silent, in violation of article I, sections 10, 13, and 19 of the Texas Constitution. Accordingly, Delgado contends the trial court improperly admitted and considered his testimony at trial.

In Texas, a guilty plea before the court is insufficient to support an adjudication of guilt in a felony case. Tex.Code Crim.Proc. Ann. art. 1.15 (Vernon Supp.1993). The State must also introduce evidence into the record showing the accused's guilt, and this evidence shall form the basis of the trial court's judgment in the case. *Id.* In some instances, the defendant himself testifies as to his guilt, thus providing the necessary evidence to support his plea. In those cases, such as the one before us, Delgado urges that article I, sections 10, 13, and 19 of the Texas Constitution require the trial judge to carefully inform the accused of his right not to incriminate himself, *after* the accused has pled guilty and *before* he takes the stand as a witness for the State. Delgado claims such an admonishment would comport with the Texas Constitution's requirements that an accused not be required to give evidence against himself and that he be tried in accordance with due course of law. *See* Tex. Const. art. I, §§ 10, 13, & 19.

Delgado recognizes that Texas courts have previously rejected similar contentions in *Newell v. State,* 461 S.W.2d 403, 404 (Tex.Crim.App.1970) and *Stepp v. State,* 686 S.W.2d 279, 280 (Tex.App.—Houston [14th Dist.] 1985, no pet.). Nonetheless, Delgado contends those cases are distinguishable from the instant case because they did not address the applicability of our *state* constitution to self-incriminating testimony given after a guilty plea to a court.

In *Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991), the Court of Criminal Appeals declined to "blindly follow" United States Supreme Court decisions interpreting searches and seizures under the Fourth Amendment when analyzing the same issue under article I, section 9 of the Texas Constitution. *Id.* at 690. Although Supreme Court decisions represent the minimum protections a state must afford its citizens, states may also provide individuals additional rights. *Id.* Delgado would have us apply the reasoning in *Heitman* to the Fifth Amendment and the privilege against self-incrimination and the right to be tried in accordance with due course of law of article I, sections 10 and 19 of the Texas Constitution.

Delgado contends our state constitution is more protective of these rights than the federal constitution because a guilty plea before a Texas state court is insufficient to support a conviction in a felony case. In federal court, however, a guilty plea will support such a conviction. *See Ex parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim. App.1986).

Nothing in TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989) or in the case law requires a trial judge to admonish an accused who has pled guilty of his right against self-incrimination under the Texas Constitution before he testifies at a nonjury trial. *See* article 26.13; *Decker v. State,* 570 S.W.2d 948, 951 (Tex.Crim.App. [Panel Op.] 1978). *See also Newell,* 461 S.W.2d at 404; *Stepp,* 686 S.W.2d at 280. The records in *Stepp* and *Decker* contained express written waivers of the appellants' rights against self-incrimination. 686 S.W.2d at 280; 570 S.W.2d at 951. The record in our case contains no such written waiver. Nonetheless, Delgado acknowledged to his own attorney on cross-examination that Delgado and defense counsel had previously discussed that Delgado would have to relinquish certain constitutional rights to enter a guilty plea. Delgado testified both that he understood the rights discussed and that he was giving up his Fifth Amendment right because he was testifying against himself. Delgado also testified that he gave up his rights voluntarily.

On appeal, Delgado contends the above acknowledgements were insufficient to waive his fundamental right against self-incrimination under the Texas Constitution because no admonishment was given by the trial judge before Delgado's incriminating testimony, and because the record does not reflect that he affirmatively understood the nature of his privilege or of his situation.

We find the record reflects that Delgado *did* affirmatively understand both the nature of his privilege against self-incrimination and the nature of his situation prior to entry of his guilty plea and his incriminating testimony. Since article 26.13 and Texas case law do not require a trial judge to admonish an accused about these rights, and since Delgado acknowledged discussing his relinquishment of them with his own attorney *prior to testifying,* we fail to grasp why the Texas Constitution should be read to require an additional admonishment from the trial judge.

We acknowledge that "our state constitution is a doctrine independent of the federal constitution and its guarantees are not dependent upon those in the federal consti-

tution." *Heitman,* 815 S.W.2d at 688. Under the facts of this case, however, we are not blindly following the Supreme Court's interpretation of the Fifth Amendment if we find the Texas Constitution imposed no duty on the trial judge to admonish Delgado concerning his right to not testify against himself.

Because we find the trial judge did not violate article I, sections 10, 13 and 19 of our state constitution, we overrule Delgado's point of error.

The trial court's judgment is affirmed.