NO. 07-10-0411-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 7, 2011
_____

NANCY LYNN TYREE,

                                                    Appellant
v.

THE STATE OF TEXAS,

                                                    Appellee
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1189902D; HONORABLE MOLLEE WESTFALL, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL  and PIRTLE, JJ.

Nancy Lynn Tyree pled guilty to the offense of possessing a controlled substance (marijuana) in an amount of 2,000 pounds or less but more than fifty pounds, and the jury assessed her punishment at ten years imprisonment.  Appellant argues that because the trial court failed to admonish her about her right against self-incrimination before pleading guilty and testifying at the punishment phase of the trial, both her plea and sentence "requir[e] reversal."   We overrule the issue and affirm the judgment.

First, a trial court has no general duty to advise a testifying defendant represented by counsel of the defendant's right to forego testifying. *Johnson v. State,* 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). That duty lies with the defendant's counsel. *Id.* Nor must the trial court afford such an admonishment prior to accepting a guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(A) (Vernon Supp. 2010) (itemizing the admonishments that must be given before accepting a guilty plea); *Delgado v. State,* 849 S.W.2d 904, 906 (Tex. App.–Fort Worth 1993, pet. ref'd) (stating that nothing in art. 26.13 nor in the case law requires a trial judge to admonish an accused who has pled guilty of his right against self-incrimination under the Texas Constitution before he testifies at a non-jury trial).

Third, before appellant pled guilty at bar, the trial court asked whether she opted to do so because she was guilty and for no other reason, whether she understood "the implications of pleading guilty . . .," and whether her "attorney thoroughly explained to you the rights that you're giving up in pleading guilty." In response to each inquiry, appellant replied "yes ma'am." Next, appellant's counsel was asked by the trial court whether he had "gone over the rights that your client is giving up." Counsel answered "Judge, we have . . . " and that she was also aware of the range of punishment and that "she is fully aware and cognizant of what she's doing today." The appellate record further discloses that during *voir dire*, in the presence of appellant, and before she testified in the punishment phase, the State told the venire: "if you're charged with an offense, you have the right to remain silent and not to say anything that can be used against you, right, a Fifth Amendment right." Given these circumstances, we cannot say that appellant's plea and sentence are reversible because the trial court failed to inform

2

her of her right against self-incrimination or that her plea was otherwise uninformed and involuntary.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.