COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CARL RAY TILLER, | § | No. 08-12-00325-CR |
| Appellant, | § | Appeal from |
| v. | § | 380th District Court |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC # 380-80119-2012) |
| | § | |

## O P I N I O N

Carl Ray Tiller is appealing his convictions of indecency with a child (Counts I and II). Appellant waived his right to trial by jury and the case was tried to the court. The trial court found Appellant guilty of Counts I and II, but found him not guilty of attempted indecency with a child (Count III). The court assessed Appellant's punishment at imprisonment for a term of four years Count I and Count II to be served concurrently. We modify the judgment to reflect that: (1) the Honorable Keith Dean heard the case, and (2) Appellant was sentenced to serve a four year term in the Texas Department of Criminal Justice - Institutional Division on each count (Counts I and II), and affirm the judgment as so modified.

### FACTUAL SUMMARY

In October 2011, six-year-old C.L. went to visit her paternal grandmother, Helen. Helen had asked Appellant, who is her neighbor, to do some odd jobs for her so he was present at the

house when C.L. was there. Appellant pruned some peach trees and repaired a tire and the training wheels on C.L.'s bicycle. C.L. recalled that Helen left the house for a while to get some lunch. At Helen's request, Appellant watched C.L. while she rode her bicycle in the alley behind Helen's home and Appellant followed her. C.L. stopped at the end of the alley and they sat down on the steps of a church. Appellant reached inside of her pants and touched her "private part." She asked him to stop and they returned to the house. They went into the garage and Appellant pulled C.L. onto his lap. Appellant said he needed to check to see if she was a boy or a girl and he reached inside of her clothes. Appellant then touched her "in the back part." C.L. testified that this touch felt "bad" and she told him to stop. C.L. did not tell Helen what had happened because Appellant was present and she also thought Helen might get mad at her. The following day, she told her other grandmother, Carol, what Appellant had done. Carol called the police and C.L. was interviewed by Lisa Martinez at the Collin County Children's Advocacy Center.

Martinez testified about the interview. She explained that C.L. made an outcry of sexual abuse and was able to provide sensory details about the event such as how the touching felt. The child also described how she felt emotionally. One incident took place on the steps of a church and the other occurred in the garage of her grandmother's house. She also provided a description of her assailant who had touched her on the "front bottom" and the "back bottom." C.L. demonstrated where she had been touched by using her own body and anatomical drawings. She identified the touch on her "front bottom part" by pointing to her vagina or female sexual organ and showed Martinez how the man wiggled his fingers when he touched her. C.L. circled the genitals on the anatomical drawing when Martinez asked her to show the part of her body she called the bottom part.

Appellant testified at trial that he had been at Helen's house when C.L. was there and he had done some yard work. He also worked on C.L.'s bicycle and followed C.L. as she rode down the alley. Appellant denied sitting with her on the steps at the church, holding her on his lap in the garage, or ever touching her. He did not know why C.L. had accused him of touching her. Appellant's mother, daughter, and a friend testified that Appellant was not the kind of person who would commit such offenses.

Counts I and II of the indictment alleged that Appellant intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, engaged in sexual contact by touching C.L.'s genitals with his hand. Count III of the indictment alleged that Appellant committed attempted indecency with a child by touching C.L.'s buttocks with his hand. The trial court found Appellant guilty of Counts I and II but found him not guilty of Count III. The court assessed Appellant's punishment on each count at imprisonment for four years.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In Issues One and Two, Appellant challenges the legal sufficiency of the evidence supporting his convictions.

### Standard of Review

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. As the trier of

3

fact, the jury is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to the jury's determinations. *Brooks*, 323 S .W.3d at 894-95. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id.* On appeal, we serve only to ensure the jury reached a rational verdict, and we may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). The standard of review is the same for both direct and circumstantial evidence cases. *Id.*; *Arzaga v. State*, 86 S.W.3d 767, 777 (Tex.App.--El Paso 2002, no pet.). Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); *Arzaga*, 86 S.W.3d at 777.

*Elements of Indecency with a Child by Sexual Contact*

A person commits the offense of indecency with a child if, with a child younger than seventeen years and not the person's spouse, the person engages in sexual contact with the child. TEX.PENAL CODE ANN. § 21.11(a)(1)(West 2011). "Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. § 21.11(c)(1)(West 2011). Counts I and II of the indictment alleged that

4

Appellant, with intent to arouse or gratify any person's sexual desire, engaged in sexual contact with C.L., a child younger than seventeen years of age and not his spouse, by touching her genitals with his hand.

*Sexual Contact*

In his first issue, Appellant contends that the evidence is insufficient to prove beyond a reasonable doubt that he touched C.L.'s genitals with his hand. He focuses on two aspects of the trial evidence: (1) C.L. told the forensic interviewer that she was touched on the "back bottom" and the "front bottom"; and (2) C.L. testified that one of the places she was touched is the part where she goes "poo." From this, Appellant concludes that the evidence failed to prove he touched any part of her genitals, and alternatively, it shows that only a single touching of the genitals.

At trial, C.L. testified that Appellant touched her when they were at the church and in the garage. She was obviously uncomfortable when asked to state where he had touched her, but she finally stated that Appellant touched her "private part" when they were on the steps of the church. When asked by the prosecutor if this is the part where she goes "pee," C.L. replied, "Poo." In a subsequent question, the prosecutor asked C.L. what part of the "private part" Appellant had touched when they were at the church and she replied, "Front." C.L. also testified that the man touched her in the "back part" when she was on his lap in the garage.

The forensic interviewer testified that C.L. said she had been touched on the "front bottom" and "back bottom." When asked to show on the anatomical drawing what she meant by "bottom part," C.L. circled the genitals on the drawing. C.L. also physically demonstrated where she had been touched by pointing to her own vagina or female sexual organ and wiggling her fingers.

In addressing Appellant's argument, we keep in mind that a child complainant is not expected to testify with the same clarity and ability as expected of mature and capable adults. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990). This is especially true in sexual offenses involving children and reviewing courts have traditionally been mindful of a child's lack of technical knowledge in accurately describing the parts of the body. *Wallace v. State*, 52 S.W.3d 231, 235 (Tex. App.--El Paso 2001, no pet.). In reviewing the sexual contact element, courts view the critical inquiry as whether the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of the controlling statute. *Wallace*, 52 S.W.3d at 235.

Even though C.L. stated in one portion of her testimony that she was touched where she goes "poo," she subsequently stated that this is the front of her "private part." It was the trial court's task as the trier of fact to resolve the conflicts in the evidence. Having reviewed all of the evidence in the light most favorable to the verdict, we find that a rational trier of fact could find beyond a reasonable doubt that Appellant touched some part of C.L.'s genitals on two different occasions with his hand. *See Guzman v. State*, Nos. 05-09-01042-CR & 05-09-01043-CR, 2011 WL 874152 at *4 (Tex.App.--Dallas March 15, 2011, pet. ref'd)(rejecting defendant's argument that evidence showed he penetrated child's anus rather than female sexual organ and finding evidence sufficient where the child testified that the defendant touched her "bottom" or her "privacies" where she "goes number one or number two," child pointed between her legs during forensic interview when asked to show where she was touched, and child circled female sexual organ on anatomical drawing. We overrule Issue One.

*Intent to Arouse or Gratify Sexual Desire*

In his second issue, Appellant complains that the evidence is insufficient to prove that he acted with intent to arouse or gratify anyone's sexual desire. In a prosecution for indecency with a child, the defendant's specific intent to arouse or gratify the sexual desire of a person may be inferred from the conduct or remarks of the accused, or from the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. 1981). The State is not required to introduce evidence that the defendant uttered any words expressing that intent or visible evidence of sexual arousal. *Connell v. State*, 233 S.W.3d 460, 471 (Tex.App.--Fort Worth 2007, no pet.); *Scott v. State*, 202 S.W.3d 405, 408 (Tex.App.--Texarkana 2006, pet. ref'd). Further, the intent to arouse or gratify may be inferred from the defendant's conduct alone. *McKenzie*, 617 S.W.2d at 216.

The evidence revealed that while C.L.'s grandmother was away from the house, Appellant reached inside C.L.'s clothing and touched her genitals on two occasions. He moved his fingers around and stopped both times when she complained and told him to stop. There is no evidence Appellant had a legitimate purpose in touching C.L.'s genitals. Taken in the light most favorable to the verdict, the evidence supports a finding by the trial court that Appellant acted with the requisite intent to arouse or gratify his own sexual desire. *See Billy v. State*, 77 S.W.3d 427, 429 (Tex.App.--Dallas 2002, pet. ref'd)(finding intent to arouse or gratify sexual desire based on evidence showing that defendant put his hand in child's underwear and moved it around). We overrule Issue Two.

**WAIVER OF THE RIGHT TO A JURY TRIAL**

In Issue Three, Appellant contends that the trial court erred by failing to determine if his waiver of the right to trial by jury was knowing, intelligent, and voluntary. A criminal defendant

has a constitutional and statutory right to a trial by a jury. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, §15; TEX.CODE CRIM.PROC.ANN. art. 1.12 (West 2005). A defendant may waive this right and proceed to a bench trial instead. *See* TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (West Supp. 2013); *see Adams v. United States*, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942); *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex.Crim.App. 2009). As a matter of federal constitutional law, the State must establish on the record an express, knowing, and intelligent waiver. *Hobbs*, 298 S.W.3d at 197. Article 1.13(a) provides that a defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." *Id.*

The clerk's record includes a written waiver of the right to a jury trial signed by Appellant, his attorney, the prosecutor representing the State, and the trial court. The waiver states:

> The defendant knows and fully understands that he or she has the right to have this case tried before a jury on both guilt and punishment but the defendant now gives up his or her right to a trial by jury and now wants to be tried before the court without a jury.

At the beginning of the trial, the trial judge made reference to the written jury waiver and asked Appellant whether he had been forced, threatened, or promised anything in exchange for signing the waiver. Appellant replied, "No, sir." The trial court concluded that Appellant's jury waiver had been freely and voluntarily made and approved it. Thus the record establishes that Appellant waived his right to a jury trial in open court and in writing as required by Article 1.13. The waiver, signed by both Appellant and his attorney, recites that Appellant knows and fully understands that he has the right to have his case tried by a jury but he wants to waive that right

8

and have his case tried by the court without a jury. Appellant concedes that there is no Texas law supporting his assertion that the trial court must admonish him before accepting his waiver of a jury trial. He cites *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965) for the proposition that a knowing and intelligent waiver exists when a defendant is aware that (1) a jury is composed of twelve members of the defendant's community; (2) a defendant and counsel may participate in selection of the jury; (3) in order to convict, a jury's verdict must be unanimous; and (4) should the jury be waived, the trial judge alone will be the finder of fact. We have reviewed *Singer* and do not find it stands for the stated proposition. In fact, the opinion does not include any discussion of these four factors as claimed by Appellant. *Singer* instead addresses whether the defendant's waiver of the right to a jury trial can be conditioned upon the consent of the prosecuting attorney and the trial judge. *Singer*, 380 U.S. at 34-35, 85 S.Ct. 783, 790, 13 L.Ed.2d 630. We have found no cases supporting Appellant's argument that the trial court was required to admonish Appellant prior to accepting his jury trial waiver. Issue Three is overruled.

## WAIVER OF RIGHT TO REMAIN SILENT

In Issue Four, Appellant asserts that the trial court erred by failing to determine whether his waiver of the right to remain silent was knowing, intelligent, and voluntary. Prior to Appellant taking the stand in his own defense, the trial court admonished that he had an absolute right not to testify, but if he did testify, he would be required to answer all questions put to him. Appellant confirmed that he had made the decision to testify after talking with his attorney about the decision. When asked whether anyone had forced, threatened, or promised him anything to testify, Appellant answered in the negative. Appellant maintains that the trial court should have also informed him that his silence could not be held against him if he chose not to testify.

9

Texas Courts have held that a trial court has no duty to inform a testifying defendant represented by counsel of his right not to testify. *Johnson v. State*, 169 S.W.3d 223, 235 (Tex.Crim.App. 2005); *Newell v. State*, 461 S.W.2d 403, 404 (Tex.Crim.App. 1970); *Lantrip v. State*, 336 S.W.3d 343, 349-50 (Tex.App.--Texarkana 2011, no pet.). Courts presume that a defendant represented by counsel made the decision to testify voluntarily and with full knowledge of his rights. *Mullane v. State*, 475 S.W.2d 924, 926 (Tex.Crim.App. 1971); *Lantrip*, 336 S.W.3d at 350. Issue Four is overruled.

## MODIFICATION OF THE JUDGMENT

Both Appellant and the State have noted that there are errors in the judgment requiring modification. First, Appellant observes that the judgment of conviction and the judgment of acquittal recite that the "Judge Presiding" is the "Hon. Ben Smith." The record reflects that the Honorable Keith Dean presided over the trial. Accordingly, we modify the judgments of conviction and acquittal to reflect that the "Judge Presiding" was the Honorable Keith Dean. Second, the State has brought to our attention that the judgment lists the "Punishment and Place of Confinement" as "Four (4) Years State Jail Division, TDCJ." Counts I and II are second degree felonies and the trial court sentenced Appellant to serve four years on each count in the Texas Department of Criminal Justice - Institutional Division. We modify the judgment to reflect that the "Punishment and Place of Confinement" is "Four (4) Years Institutional Division, TDCJ." Having overruled each issue presented on appeal, we affirm the judgment as so modified.

February 12, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

10