

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-17-00379-CR

CHARLES BRANDON JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 89th Judicial District Court
Wichita County, Texas
Trial Court No. 56-863-C, Honorable Charles Barnard, Presiding

August 3, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Charles Brandon Johnson appeals his conviction for aggravated robbery. His three issues concern his guilty plea, his decision to testify, and whether the trial court properly admonished him of various rights. We affirm.[1]

---

[1]Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

In his first issue, appellant contends that the trial court "erred [in] accepting [his] plea of guilty because there was no finding that he was mentally competent to stand trial." We overrule the issue.

The Texas Code of Criminal Procedure bars a trial court from accepting a guilty plea "unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2017). Yet, that court need not inquire into the defendant's mental competence unless the issue of his competency was raised at the time the plea was made. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); *Burton v. State*, No. 02-06-279-CR, 2007 Tex. App. LEXIS 8288, at *9 (Tex. App.—Fort Worth Oct. 18, 2007 pet. ref'd) (mem. op., not designated for publication). Appellant does not suggest that he was incompetent or that his mental competency was in question before, during, or after the trial court accepted his plea after admonishing him. Nor does he cite us to evidence suggesting that his mental competency was an issue at that time. Instead, he simply suggests that the trial court has an obligation to always inquire into the matter *sua sponte.* While the court in *Kuyava* may have said that the "better practice" would be for the trial court to make inquiry irrespective of whether competency was at issue, *Kuyava v. State*, 538 S.W.2d at 628, it failed to actually impose such an obligation in all instances. We care not to create law in areas where neither the Court of Criminal Appeals nor the Texas Legislature deigned to tread.

Through his second issue, appellant contends that the trial court "fundamentally erred by failing to inform [him], immediately before he testified, of his rights to remain silent in violation of the Texas Constitution." That appellant was told of the very right by

the court before it accepted his guilty plea is for naught, from appellant's point of view. We overrule the issue for the following reasons.

First, appellant opted to testify. The trial court attempted to admonish him of his right to remain silent immediately before appellant began speaking. Yet, his counsel interrupted the trial judge and said: "I intend to go through with him that he did not have to testify and – and why don't you just let me do that and if there's something that I didn't go over, I think –." The State replied that it would be "fine with that," while the trial court said "thank you" and deferred to appellant's counsel. Defense counsel then engaged appellant in a colloquy illustrating that appellant knew about his right to keep his mouth closed. This exchange clearly evinces that appellant himself invited the purported error about which he now complains. *Vaughn v. State*, No. 02-15-00383-CR, 2016 Tex. App. LEXIS 12538, at *14-15 (Tex. App.—Fort Worth Nov. 23, 2016, pet. ref'd) (mem. op., not designated for publication) (explaining that the invited error doctrine estops a party from complaining on appeal of an action it induced). He induced the trial judge to forego personally admonishing him of his right to be silent. Having invited the supposed error, appellant cannot complain of it on appeal. *Id.*

Next, the Fort Worth Court of Appeals has expressly "rejected a defendant's complaint that a trial court 'fundamentally erred by failing to inform [him], immediately before he testified, of his right to remain silent.'" *Smith v. State*, No. 02-15-00453-CR, 2017 Tex. App. LEXIS 2271, at *5 (Tex. App.—Fort Worth Mar. 16, 2017, pet ref'd) (mem. op., not designated for publication) (quoting *Delgado v. State*, 849 S.W.2d 904, 905 (Tex. App.—Fort Worth 1993, pet. ref'd). As it said in *Smith*, "our state's decisional authority

3

did not 'require a trial judge to admonish an accused' about that right." *Id. Smith* controls here.[2]

Through issue three, appellant contends that the trial court "erred in not admonishing [him] regarding the possibility of deportation as required by the Texas Code of Criminal Procedure Article 26.13." We overrule the issue.

To the extent that the admonishment was not afforded appellant, the latter nevertheless testified that he was born in El Paso, Texas. We are safe in taking judicial notice that El Paso, Texas lies within the boundaries of the United States and that those born in the United States are citizens of the United States. So, logic compels us to conclude that appellant was and is a United States citizen. His being such a citizen renders harmless any failure on the part of the trial court to afford appellant the admonishment at issue. *See Pender v. State*, No. 02-13-00400-CR, 2014 Tex. App. LEXIS 4992, at *8-9 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op., not designated for publication) (so holding when the admonishment is withheld to an accused and the accused was born within the United States).

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[2]We note appellant's argument that "[w]hen a soccer player gets a yellow card does it rely on its agent to guide them on what might keep him from getting a red card and kicked out of the match? No, he pays attention to the official and what they have to say about his actions on the field." A soccer player successful enough to have an "agent" would undoubtedly know what can happen if his infractions continue without the referee explaining it to him. This, of course, assumes that soccer players even care to acknowledge the presence of referees.